FRANKLIN,  DAVID HOAR *vs.* THE COMMISSIONERS OF JAIL DELIVERY for
*January,*
1829.                          FRANKLIN COUNTY.

A term of the court, holden by adjournment, under the statutes of this state, is a dis-
tinct term, and not a continuation of the former term ; and an adjudication, that *the
act, from which the cause of action in any case accrued, was wilful and malicious,*
in order to preclude a debtor from the benefits and privileges of the "act relating to
jails and jailors, and for the relief of persons imprisoned," must be made at the
term when the judgment is rendered, and not at a subsequent adjourned term.

*David Hoar,* a prisoner in the common jail in the county of
*Franklin,* was confined in prison by virtue of an execution, issued
on judgment rendered by the county court in said county, at the
term thereof holden in April, 1828, in an action of trespass, at the
suit of *Stephen Davis.* At an adjourned term of the court, hol-
den in June, 1828, the court, on the motion of *Davis,* made, and
ordered to be entered upon the record, an adjudication, that the
cause of action in said suit accrued from the wilful and malicious
act of the defendant ; and execution was issued, with a minute of
said adjudication endorsed and certified thereupon. The prison-
er, after his commitment on the execution, applied to the com-
missioners of jail delivery, to admit him to the oath prescribed for
poor debtors in the act relating to jails and jailors, and for the
relief of persons imprisoned therein ; but the commissioners re-
fused to receive and hear his application, on the ground that the
adjudication certified upon the execution precluded him from the
benefit of the oath. A rule was obtained, on the motion of the
prisoner, calling on the commissioners of jail delivery to shew
cause why a writ of *mandamus* should not issue, commanding them
to receive and hear the application of the prisoner, and allow him
the benefit of the oath prescribed in the act aforesaid, notwith-
standing the adjudication certified upon the execution, if he should
appear to be otherwise entitled to the oath.

*Smith, in behalf of the commissioners, and of Davis, the cred-
itor,* shewed cause against the rule.

*Royce, for the prisoner,* argued in support of the rule, and cited
*the King* vs. *the Bailiffs of Ipswich,* 7 *East,* 85, and *Exparte
John King,* 7 *East,* 91.

PRENTISS, J. delivered the opinion of the court.—The judg-
ment on which the execution was issued against the prisoner, by
virtue of which he is confined, was rendered at the stated term of
the county court holden in April, 1828, and the adjudication that
the act from which the cause of action accrued was wilful and
malicious, was made, and entered upon the record, at a term of
the court holden by adjournment in June after. By the statute
of 1823, it is enacted, that every person, who shall be imprisoned

by virtue of any execution, issued on a judgment, recovered in Franklin, January, 1829. any action of debt, detinue, replevin, ejectment, trespass, or trespass on the case, shall be entitled to all the benefits and privileges of the " act relating to jails and jailors, and for the relief of persons imprisoned therein," and of the several acts in addition thereto, unless the court, rendering such judgment, shall, *at the time or term of rendering the same,* adjudge that the cause of action accrued from the wilful and malicious act or neglect of such person, and a minute thereof be inserted in, or endorsed and certified upon such execution. (*Comp. Stat. p.* 240. *s.* 1.) On common principles, a court holden by adjournment is not a new term, but a continuance of the former term of the court.—*The King* vs. *The Justices of Sussex,* 7 *T. Rep.* 103.—*Commonwealth* vs. *The Justices of Norfolk,* 5 *Mass.* 435.)—Our statutes, however, seem to treat a court holden by adjournment as a new term, and in various instances speak of a stated session and an adjourned session of the court as being different and distinct terms.— Thus, no writ, in any civil action, shall be made returnable to any *adjourned* county court. A grand jury may be summoned to attend any *stated* or *adjourned* session of the county court. An appeal from the judgment of a justice of the peace, shall be taken to the *next* county court, whether the same be an *adjourned* or *stated* term. A report of referees, under a rule issued by a justice of the peace, shall be made to the *next* county court, whether it be an *adjourned* or *stated* session thereof. On these, and various other provisions which might be mentioned, we are inclined to think, that a term of the court holden by adjournment, under our statutes, must be considered a new and distinct term, and not a continuation of the former term of the court. As judgments here are considered as rendered on the last day of the term, this principle will remove all doubts as to the time when executions may regularly issue, as well as save many questions as to the liability of bail and of property attached, and will be more convenient as well as consistent in practice. The statute, as we have already seen, is express, that an adjudication, that the act, from which the cause of action in any case accrued, was wilful and malicious, in order to have any effect, must be made *at the term when the judgment is rendered* ; and as the adjudication, certified upon the execution upon which the prisoner is confined, cannot, on the principle we have adopted, be considered as made at the term when the judgment was rendered against him, it cannot preclude him from the benefit of the oath prescribed for poor debtors. The consequence is, that the rule must be made abso-

Hoar vs. Commissioners of Jail Delivery.

Franklin,
January.
1829.

——————

Hoar
vs.
Commissioners
of
Jail Delivery.

lute for the writ of *mandamus* to issue, directing the commission-
ers to receive and hear the application of the prisoner, and allow
him the benefit of the oath, notwithstanding the certificate upon
the execution, if he shall appear to be otherwise entitled to it.

Rule absolute.