# WASHINGTON COUNTY.

## MARCH TERM, 1835.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
"    "    STEPHEN ROYCE, ⎫
"    "    JACOB COLLAMER, ⎬ *Assistant Justices,*
"    "    JOHN MATTOCKS, ⎭

---

WASHINGTON,
March,
1835.

## IRA DAY *vs.* REUBEN LAMB.

A judgment is considered as rendered on the last day of the term.

The time of commencement of a suit to avoid the statute of limitations, is the day when the writ issued, but such writ must be served and returned.

The date of the writ is considered *prima facie* eveidence of the the day when the same is issued.

This was an action on a judgment rendered by the county court of this county holden on the last Monday of March 1826, for eighty-nine dollars.

Pleas, 1. *Nul tiel* record. 2. Statute of limitations.

The plaintiff in support of the issue on his part, produced his writ dated April 3d, 1834, and served June 30th, 1834.

The defendant in support of the issue on his part, introduced Otis Peck, the officer who served the writ, who testified that the writ was put into his hands for service not over five days before he served it, and that the service was made on the 30th of June, A.D. 1834. The defendant inserted that upon the evidence the plaintiff was not entitled to recover. But the court decided that the plaintiff's demand was not barred by the statute of limitations, and rendered judgment for him to recover his debt and damages. The defendant excepted. This exception was allowed and certified.

*Upham for defendant.*—1, When did the cause of action in this case accrue? The judgment declared upon was rendered at the March term of the county court in this county in 1826. And

WASHINGTON,
March,
1835.

Day
vs.
Lamb.

if it is to be considered as having been rendered on the first day of the term the statute had run before the date of the plaintiff's writ.

By the common law all judgments have relation to, and are considered as having been rendered on, the first day of the term.— *Fann* vs. *Atkinson,* Willes, 427.—*Lovel* vs. *Wittshere,* ib. 428, n. Tidd's Practice, 489.

The common law upon this subject has not been altered by our statute, but rather confirmed.—Stat. 93, No. 8.

2. I admit by the common law a suit is commenced when the writ issues. But it is to be understood that the issuing of the writ must be followed up by an immediate delivery of it to the officer for service. If it remains in the office for any considerable time after it is made out, the commencement of the action will be considered on the day the plaintiff took the writ from the office and delivered it to the sheriff for service.—*Bronson* vs. *Earl,* 17 John. Rep. 63.—*Burdic* vs. *Green,* 18 John. Rep. 14. *Visher* vs. *Gansvoort,* 18 John. Rep. 496.—*Ross* vs. *Luther,* 3 Cowen, 158. *Brown* vs. *Bobington,* 2 Lord Raym. 883.—*Harris* vs. *Woolford,* 6 Term. Rep. 617.

In the case at bar the writ was dated April 3d, 1834, and not taken from the office and delivered to an officer for service until tne 25th of June following, nearly three months after its date. Now I insist that this suit was not commenced for any purpose whatever, on the 3d of April 1834, but on the day the plaintiff took his writ from the office and delivered it to the sheriff for service. The doctrine of the court in *Allen* vs. *Mann,* (1. D. Chip. R. 94) does not oppose the position which I have laid down in this case. In that case the writ was made out on the 26th of November 1793 and delivered to the sheriff for service on the 30th of the same month. The issuing of the writ was followed up by an immediate delivery of it to the proper officer for service, and the court were probably correct in ruling that the issuing of the writ was the commencement of the action.—*Rogers* vs. *Judd,* 5 Vt. Rep.

*Smith and Peck for plaintiff.*—The only question in this case is, was this action commenced within eight years from the rendition of the judgment.

1. Judgments in this state are considered as rendered on the last day of the term, (*Hoar* vs. *Commissioners of Jail Delivery,* 2 Vt. Rep. 402,) and the same rule prevails in Massachusetts. —*Herring et al* vs. *Polly,* 8 Mass. Rep. 113.—*Portland Bank*

WASHINGTON,
March,
1835.

Day
vs.
Lamb.

vs. *Maine Bank*, 11 ib. 204.—*Hildreth* vs. *Thompson*, 16 ib. 191. In England the rule is different. Judgments there are considered as entered on the first day of the term, and for a satisfactory reason. By the common law, all proceedings in a suit at law are stopped by the death of one of the parties. If either of them die before judgment, no judgment can be entered; if after judgment no execution can issue. But to avoid the inconvenience of this principle, the doctrine of relation has been resorted to, and if either party die, the judgment shall be considered as entered the first day of the term, and an execution may issue bearing teste that day, so as to save the fruits of that judgment to the party entitled to it. (16 Mass. 191.) But there is no necessity for the adoption of this rule here, as all executions issued from our courts must bear teste the day after the adjournment of the court, and cannot issue before unless by special order of court.

2. The suing out of a writ is the commencement of a suit so as to save the statutes of limitations, and the date of a writ is *prima facie* the true time when it was issued.—2 John. Rep. 342.—3 Cain's Cas. 133.—5 Cowen, 519.—2 Burr, 950.—17 John. 65.—7 Greenleaf, 370.—8 ib. 447.—5 Wend. 63.

In order to save the statute it is not necessary that the writ should be served before the statute has run; if it is actually sued out in time and served in season for the next court the statute is out of the case.—*Allen* vs. *Mann*, 1 D. Chip. Rep. 94.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—In this action of debt on judgment to which the statute of limitations is plead, several questions arose on the trial. The first one, to which our attention has been called is, at what time a judgment is considered as rendered, whether on the first or last day of the term; for if this judgment is to be considered as of the first day of the term in which it was rendered, the statute of limitations had run thereon. I am not aware of any established principles of common law applicable to our practice, which determine this question. In England for most purposes a judgment is considered as rendered on the first day of the term. For others it has effect only from the day when signed. Very probable we might adopt the doctrine of relation, where a party died after the commencement of the term and after verdict. It was formerly considered as an unsettled question in this state when a judgment was rendered for any purpose. By some it was considered, as in all cases rendered, as of the first day of the term. Hence, where

Washington,
March,
1835.

Day
vs
Lamb.

the court sat four weeks, as they sometimes did, it left but a short time to charge either bail on mesne process or property attached. By others it was considered as of the last day, and the clerks in some counties were in the habit of making an entry accordingly. This was probable the better opinion. The statute of 1804 put an end to these doubts, so far as respects charging bail or property attached. This statute, however, was rather explanatory, than establishing any new principle. As it respects the statute of limitations, it is highly proper to consider the last day of the term as the time when judgment is entered. Until that time the judgment is not perfect. It is subject to appeal or review, a motion in arrest, or a motion for new trial; and no action of debt or *scire facias* on judgment can be maintained until after the rising of the court. In the case of *Hoar* vs. *Jail Commissioners*, 2 Vt. Rep. 402, it was stated by the judge who delivered the opinion of the court, that judgments here were considered as entered on the last day of the term, and the cases in Massachusetts are to that effect.

The next question is, when shall a suit be said to be commenced for the purpose of avoiding the statute of limitation. The words in the statute are, in every case except one, "the action shall be *commenced* and *sued*." As to writs of error, the words are, be "*commenced and duly served*." There is no doubt but that the time when a writ actually issues is to be considered the commencement of the suit. The evidence of the time when the writ issues is usually the date. If a different rule prevails in Connecticut (and we learn that the time of service is there considered as the time to which the computation is made, in view of the operation of the statute of limitation) it probably rises from the phraseology of their statute. In this state the decisions have been that the time of taking out the writ is the commencement of the suit.—*Allen* vs. *Mann*, 1 D. Chipman, 94. With respect to delivering the writ to an officer for service, all that is necessary is, that it should be delivered in season to be served and returned to the court to which it is made returnable. If the writ is abandoned, or if the writ is not made with an intention to have the same served or be pursued, it is no commencement of a suit. We have no alias or pluries writ in the commencement of a suit in this state; but if a writ is not served no suit is commenced by the issuing of the same. But we consider our statute and the decisions thereon are decisive of the question, that the issuing of the writ when the same is pursued is the commencement of a suit, and is the time to which the computation is to be made to ascertain whether the statute of limitation

WASHINGTON,
March,
1835.

Day
vs.
Lamb.

has run on any demand. There is another question is this case on which I have more doubts, and in which I yield to the opinion of my brethren as probably the better opinion. The only evidence put in on the trial to show the commencement of this suit was the writ itself; but no evidence was given to show that it issued when it bore date. When we consider the manner in which our writs are made out,—dated frequently some time before they are signed, and so easily antedated,—I had doubts whether the plaintiff ought not to be required to show, by some other evidence, the time when the writ was actually issued. But from the case of *Johnson* vs. *Farwell*, 7 Greenleaf, 370, we learn that in Maine the date of the writ is considered as the true time when the action is brought. In the case of *Johnson* and *Smith*, 2 Burr, 950, the whole of the reasoning of Lord Mansfield is to show that the date is not *conclusive*, implying that it is *prima facie*. And in relation to writings, generally the date is considered as *prima facie* evidence that they were executed at the time they purport to bear date. From these considerations, I the more readily yield to the opinion of my brethren; and concur with them in deciding that the date of a writ must be considered *prima facie*, as the time when the writ issued, or at least, as some evidence of that fact. A defendant, however, must have every advantage of rebutting this presumption or this evidence by examining any witnesses in relation to the time, and by rendering it doubtful whether the writ was antedated or not, throw the burden of proof on the plaintiff, to show the true time when the writ actually issued. The result is, that the judgment of the county court is affirmed.