## WINSLOW CHASE vs. CHARLES GILMAN.

If the clerk make a mistake, in an execution for costs, of the time when judgment was rendered, it may be amended, when produced in evidence in *scire facias* against the indorser of the original writ.

A judgment must be taken to have been rendered on the last day of the term, unless a special judgment be entered.

If an execution be dated the third day of *June*, and be made returnable at the end of three months, it may be served on the third day of *September*.

A return by an officer, on an execution for costs, of the avoidance or inability of the plaintiff in the action, is conclusive evidence of the fact, in *scire facias*, against the indorser of the writ.

EXCEPTIONS from the Court of Common Pleas.

*Scire facias* against the defendant, as indorser of a writ in favor of one *George M. Nichols* against the present plaintiff. The

brief statement of the defence was, that there was not any such execution, as was described in the declaration, and that no such execution was placed in the hands of an officer to serve according to law. The plaintiff produced the record of a judgment in his favor, for costs, against *Nichols*, at the *May* term of the Court of Common Pleas, 1835, and proved the handwriting of the defendant, as indorser of the writ, and also produced an execution purporting to be issued on the judgment, but the execution described the judgment, as rendered on the fourth *Tuesday* of *June*, instead of the fourth in *May*, when the Court was actually holden by law. To the admission of this execution the defendant objected, because no such term of that Court was holden by law. But PERHAM J., presiding, on motion of the plaintiff, permitted the Clerk to amend the execution, by substituting *May* for *June*, and admitted the execution in evidence. On inspection of the execution it appeared, that a return as follows, had been made upon it, and erased. "No part satisfied, *J. W. Carr, D. Shff.*" The following return was upon it :— "*Penobscot, ss. Sept. 3,* 1836. I have made diligent search for the property and body of the within named *Nichols*, and can find neither within my precinct. I therefore return the execution in no part satisfied. *A. Jones, Dep. Sheriff.*" No other evidence was offered to show, that the execution was in the hands of an officer during the time it was in force. The execution was dated *June* 3, 1836, and made returnable " at the end of three months." The defendant requested the Judge to instruct the jury, that there was no evidence, that the execution was in the hands of the officer during the life of it. The Judge stated to the jury, that the officer made his return at his peril, and that the facts stated in the return were to be received as true in this action. The verdict was for the plaintiff, and the defendant excepted.

*Brinley* argued for the defendant :—

1. An amendment of the record in a material point, which will vary the issue, or point to be tried, cannot be granted. 2 *W. Black.* 920; 2 *Wils.* 147; *Com. Dig. Amendment, Z,* and 2 *A* ; 1 *Petersdorf's Ab.* 388, *note* 1 & 3 ; 3 *Bos. & P.* 321 ; 2 *Stra.* 1165.

2. The Courts have no power to order an amendment of a writ of execution. 12 *Mod.* 247 ; *Comb.* 433 ; 2 *Arch. Prac.* 246.

3. The amendment ought not to have been made, because the record is not between the parties to the present suit. *Emerson* v. *Upton*, 9 *Pick.* 167 ; *Howe's Prac.* 391.

4. The execution was dated *June* 3, 1836, and judgment was rendered on the 4th *Tuesday* of *May*, 1835, and of course more than one year had elapsed. *St. c.* 60, § 3 ; *Ruggles* v. *Ives*, 6 *Mass. R.* 494.

5. The officer's return is dated *Sept.* 3, and the execution, *June* 3. It was not therefore in the hands of the officer during its life-time.

*A. W. Paine,* for the plaintiff.

1. The amendment was rightly permitted. *Sawyer* v. *Baker*, 3 *Greenl.* 29 ; 3 *Johns. R.* 94 ; *ib.* 144 ; 5 *Johns. R.* 100 ; 4 *Wend.* 462 ; *ib.* 474 ; 1 *Johns. Cas.* 31 ; 2 *T. R.* 737 ; *Wright* v. *Wright*, 6 *Greenl.* 415 ; 2 *B. & P.* 336.

2. The officer's return is conclusive. *Harkness* v. *Farley*, 2 *Fairf.* 491 ; *Slayton* v. *Chester*, 4 *Mass. R.* 478 ; *Bott* v. *Burnell*, 9 *Mass. R.* 96 ; *ib.* 11 *Mass. R.* 163 ; *Bean* v. *Parker*, 17 *Mass. R.* 591 ; *Eastabrook* v. *Hapgood*, 10 *Mass. R.* 313 ; *Winchell* v. *Stiles*, 15 *Mass. R.* 230 ; *Ruggles* v. *Ives*, 6 *Mass. R.* 494 ; *Howe's Prac.* 119.

The case was continued for advisement, and the opinion was afterwards drawn up by

WESTON C. J. — The misrecital in the execution, of the term at which judgment was recovered, was a misprision of the clerk. There is a record to amend by ; and it is competent for the Court to permit it to be amended. *Wright* v. *Wright*, 6 *Greenl.* 415. That a writ of execution, being a judicial process, may be amended, appears from the cases cited for the plaintiff; and among others, from *Sawyer* v. *Baker*, 3 *Greenl.* 29, decided by this Court.

The term of the Common Pleas, at which judgment was rendered, was holden on the fourth *Tuesday* of *May*, 1835 ; but it was continued for several weeks; and unless a special judgment was entered, which does not appear, it must be taken to have been rendered the last day of the term. It is apparent, from the date, that the execution was issued within the year.

It was dated on the third day of *June*, 1836, and was returnable at the end of three months. The return day was the third of *September* following. On that day, which was seasonable, it has a return indorsed thereon by an officer, that he had made diligent search for the property and body of the execution debtor; but was unable to find either. He must have had it long enough, to enable him to perform that service; and his return is conclusive upon this point. *Ruggles & al.* v. *Ives*, 6 *Mass. R.* 494.

*Exceptions overruled.*