Shaw, C. J.
Considerable time has elapsed since this case was argued, and we believe an opinion was at one time announced; but it was afterwards withdrawn, and the judgment delayed, to await the ‘consideration of several cases, pending in different parts of the commonwealth, involving the the rights of landlord and tenant at will, and their remedies as against each other. That has since been had, and the result appears in Howard v. Merriam, 5 Cush. 563.
One question, depending on the particular circumstances of this case, was, whether supposing a lessor has a right to enter on his lessee at will, without notice, for the purpose of determining his will and regaining the possession of the tenement, that would justify the wife of such lessor at will, without proof of acting under his authority, or for such purpose, in entering and cutting off a pump upon the premises. But this question is superseded, by placing the decision upon the broader grounds stated in the case cited.
The principle, settled in that case upon the best consideration the court could give it, was, that since the St-. 1825, revised and reenacted by Rev. Sts. c. 60, § 26, as between landlord and tenant at will, the landlord still remaining owner, it is not competent for him to enter upon the premises, without the notice to quit provided by those statutes, and thereby presently determine the estate at will. The consequence is, that without such notice to quit, and also after such notice to quit *121 and before the term for which it was given has expired, the lessee at will has a lawful and exclusive possession, not only as against a stranger, but also against the lessor at will. This principle of course does not affect the landlord’s right of entry, where the tenant determines the estate by an actual abandonment of the possession, by an alienation, by forfeiture for waste, or other act which determines the estate at will by operation of law.
The plaintiff having a rightful possession, and the defendant having no lawful right of entry, the entry is unlawful, and trespass quare clausum will lie, to give the plaintiff damages for the violation of his right of possession. 1 Chit. Pl. (6th Amer. ed.) 203; 3 Steph. N. P. 2633. Whoever is rightfully in possession may maintain an action of trespass against a wrongdoer to his possession. Harker v. Birkbeck, 3 Bur. 1563; Graham v. Beat, 1 East, 244. It is hardly necessary to multiply authorities to so plain a point. As the defendant had given the plaintiff no notice to quit, the court are of opinion that the defendant had no right of entry, that the wife could not justify the act of entering and cutting off the pump, and that the action of trespass well lies.
Verdict set aside, and a new trial ordered.