## Joseph Bradish v. The State of Vermont.

*Petition for New Trial. Practice. Judgment. State. State's Attorney. Cumulative Evidence.*

A judgment is considered as rendered on the last day of the term of the court.

Under the statute requiring a petition for a new trial to be brought within two years next after the rendition of the original judgment, such time is to be computed from the last day of the term at which the judgment is rendered.

In petitions for new trial where the state is the petitionee, service of the petition should be made upon the state's attorney of the county in which the petition is pending.

*It seems*, that if the petition be served upon the attorney who was counsel for the state in the original action, the service will be sufficient.

In a petition for a new trial, it is sufficient if the petition be sworn to by the party really in interest as petitioner, though not the nominal petitioner.

In a petition for a new trial on the ground of newly discovered evidence, it is not necessary that the petition be accompanied by a certified statement of the former trial given by the presiding judge, or by a recital of the evidence given at such trial.

The petition should set forth the history of the former trial fully enough to show the applicability and effect of the newly discovered evidence, and a statement of the newly discovered evidence itself, to which must be attached the affidavit of the party that the evidence is newly discovered, and also the affidavits of the new witnesses, as to what they will testify to.

Cumulative evidence is additional evidence of the same kind to the same point.

Poland, Ch. J.    This is a petition for a new trial in a cause tried in the county court, in favor of the State against the petitioner, the same being an action for taking certain personal property.    The petitioner asks for a new trial on the ground that since the trial, he has discovered material evidence in his favor.

The counsel for the state filed a motion to dismiss the petition upon four grounds :

1.   That the petition was not brought within two years from the rendition of the original judgment.

Bradish *v.* State.

2. That it was not properly served upon the adverse party.

3. Because not accompanied by the affidavit of the petitioner.

4. Because the petition is not accompanied by a certificate of the judge who presided at the trial, showing the applicability of the newly discovered evidence, nor by the evidence given upon that trial.

In relation to the first of these objections, the facts appear to be, that the petition was brought within less than two years after the close of the term, at which the cause was tried, but more than two years from the commencement of the term.

This raises the question, whether a judgment is to be considered as rendered on the first, or last day of the term.

This we regard as settled in this state by the early cases of *Hoar* v. *Jail Commissioner*, 2 Vt. 402, and *Day* v. *Lamb*, 7 Vt. 426. Ever since these decisions, the uniform understanding and practice of the profession, and courts in the state, has been to regard judgments as taking effect from the last day of the term.

The service of the petition was made upon Mr. Redfield, who was the attorney of record of the state, in the original action, and also upon the state's attorney of Washington county.

The statute in relation to new trials provides generally that the citation shall be served upon the adverse party. No provision is made for cases where the adverse party resides out of the state, nor do any of our statutes make provision for the service of any kind of process upon the state. In *Wellington* v. *Aiken*, decided some years since in Caledonia county, but not reported, it was held that where the adverse party lived out of the state, service of a petition for a new trial was properly made upon his attorney of record, on the ground that his attorney was his selected agent to represent him, and act for him in that matter, and unless service on him was sufficient, the other party would be deprived of his right to petition for a new trial. The principle of that decision might well enough be applied to sustain the service in the present case.

But the service upon the state's attorney, we think the more

regular and appropriate service. Service can not of course be made upon the state itself, but must be upon some one of its officers who represents the state. It appears to us that no one of the public officers could be more appropriate to receive the notice, than the state's attorney, whose duty it is by law to act for the state in all prosecutions and suits whatever, affecting its interests, in the courts within his official precinct.

As to the objection that the petition is not accompanied by the affidavit of the petitioner; the facts appear to be, that the property was attached by the petitioner as a deputy sheriff, upon writs in favor of several creditors against one Heustis. The suit against the petitioner was defended by the creditors for whom the defendant attached the property, and who were the real parties in interest in the suit. It also appears that the petitioner has gone into the United States service, and was not in the state when the petition was brought. The petition must be brought in his name, because he was the defendant of record, and the judgment recovered was against him. But we regard the rule requiring the petition to be sworn to, or accompanied by the affidavit of the adverse party, as abundantly satisfied by the affidavits of the creditors, who were the real defendants in the original suit, which do accompany the petition.

The remaining objection, that the petition is not accompanied by any certificate of the presiding judge, or the evidence given upon that trial, is made upon the supposed requirement of an early rule of the supreme court, found in 1 Aik. 399. It might be supposed from the reading of the rule, that the minutes of the judge of the former trial, or his certificate to a statement of the trial must be annexed to the petition, and be served upon the adverse party. But such has never been the practical construction of it so far as we know, or can ascertain. In *Cardell* v. *Lawton*, 16 Vt. 606, it was decided that the minutes of the judge of the evidence, taken at the trial, need not be made a part of the petition, but that it was enough that they were produced at the hearing of the petition.

This case seems a full answer to this objection.

As we understand the practice which has always prevailed

and been sanctioned, in petitions for new trials, the petition must set forth the history of the former trial, fully enough to show the applicability and effect of the newly discovered evidence, and a statement of the newly discovered evidence itself, to which must be attached the affidavit of the party that the evidence is newly discovered, and also the affidavits of the witnesses from whom the new evidence is expected, of what they will testify. This course is at least impliedly sanctioned by the rule made as to new trials in 1851 ; see 22 Vt. 670.

The motion to dismiss is therefore overruled.

As to the merits of the application for a new trial, it appears that the property which was sued for, (a quantity of stone-cutter's and blacksmith's tools,) originally belonged to Heustis. Heustis took a contract on the re-building of the state house, of Dr. Powers, the superintendent, and entered upon the work. It was claimed on the part of the state, that some difficulty having arisen, Heustis relinquished his contract, and sold the tools, which had been used on the work, to Dr. Powers, as agent for the state, and that thereafter Heustis, and the men who had before been employed by him upon his job, were employed as laborers by the day, directly for the state. A feeble attempt seems to have been made, in the defence, to deny that such an arrangement was made, by which the tools were to become the property of the state, but the great point upon which the defence went, was that there had been no such visible and apparent change of possession, as to render the sale valid against the creditors of Heustis. The newly discovered evidence is to this effect, that at the session of the legislature in 1858, Heustis presented claims for services, and various other things, against the state, which were referred to the committee on claims ; that a hearing was had before the committee, where Dr. Powers appeared on behalf of the state and presented counter claims against Heustis ; that just at the close of the session the committee adjusted all these claims between the state and Heustis, upon the footing that the state should not be charged for the tools, but they should be treated as remaining the property of Heustis ; that a bill was reported to pay the balance found due Heustis on this basis, which was duly passed, and the amount

accepted by Heustis. The affidavits filed in the case seem to establish these facts very clearly. If they are true, it is clearly unjust that the state should compel the creditors of Heustis, who took these tools to satisfy their just debts, to pay the state for them.

There was no attempt to prove these facts at the former trial, nor is there any proof they were known to the petitioner, or the creditors for whom he acted, nor are we able to say that they were guilty of negligence in not discovering them. It is objected, however, that the evidence is *cumulative,* and therefore insufficient to entitle the party to a new trial. There seems to be great confusion in the cases in our reports, in the use of this word *cumulative,* as to what it means. In *Parker* v. *Hardy,* 24 Pick. 246, the court defined this term : " Cumulative evidence is additional evidence of the same kind, to the same point." We have found no definition which appears to us to be so clear, and so accurate. In that case, the action was trover for a horse, and the defendant at the trial, proved that he bought the horse of a third person, and attempted to prove that the plaintiff had given authority to such third person to make the sale. The newly discovered evidence consisted of admissions of the plaintiff that he had given such authority, and the court held it not objectionable, on the score of being cumulative, there being no evidence of admissions used on the first trial.

With this view of what is *cumulative evidence,* it is clear the objection is not available here.

New trial granted.