WITTERS, Receiver, *v.* SOWLES and others, Assignees.

(*Circuit Court, D. Vermont.* November 11, 1887.)

1. LIMITATION OF ACTIONS—COMMENCEMENT OF SUIT—PAROL EVIDENCE.
    The time of commencement of judicial proceedings to avoid a statute bar may be shown by parol.
2. PRACTICE IN CIVIL CASES—REOPENING OF CASE—CUMULATIVE EVIDENCE.
    A case will not be reopened for the introduction of newly-discovered evidence, where such evidence is merely cumulative, and its sources were well known to the parties at the first hearing.
3. JUDGMENT—STAY OF—NEWLY-DISCOVERED EVIDENCE.
    Proceedings upon a decree will be stayed for the purpose of allowing parties to take and file testimony newly discovered, when such testimony appears to be material, and its materiality was not so direct and apparent that the failure to discover and produce it on the first hearing amounted to laches.

In Equity.
For statement of facts of this case, see *Witters* v. *Sowles, ante,* 758.
*Chester W. Witters,* for plaintiff.
*Willard Farrington* and *Henry A. Burt,* for defendants, assignees.

WHEELER, J. This cause has now been heard on a motion by the defendants for leave to take new testimony as to the reasonable cause

of the officers of the bank to believe that the defendant Sowles was insolvent, and that the mortgages were made with a view to give a preference to the bank, and as to whether the petition in insolvency was filed to be proceeded with when it was lodged with the judge of the court of insolvency.

The evidence claimed to be newly discovered as to the first point appears to be so far merely cumulative, and its sources were so well known to the defendants or their solicitors, that there is no ground apparent for opening the case on that subject.

At first it seemed that the second point would be governed by the record, and that parol evidence would not be admissible to affect it in any way   But the period of four months next before the filing of a petition within which conveyances may be avoided is a sort of limitation, and it appears to be well settled that the time of commencement of judicial proceedings to avoid a statute bar may be shown by parol. *Day* v. *Lamb*, 7 Vt. 426; *Gardner* v. *Webber*, 17 Pick. 407; 2 Greenl. Ev. § 431.   Therefore, this evidence may be admissible, and quite material. It appears to be in fact newly discovered.   Its materiality was not so direct and apparent that the failure to discover and produce it appears to amount to such laches that the defendants ought to be deprived of the opportunity to produce it now, upon some terms.   The question of terms is reserved.

 Proceedings upon the decree entered are stayed, and leave is granted to the defendants to take and file testimony as to the transaction of filing the petition of insolvency, at any time before December 1st, and the plaintiff has leave to file testimony in answer thereto at any time before December 17th, on such terms as may be hereafter fixed.