# W. C. SMITH ET AL. v. O. A. BURTON ET AL.

## May Term, 1895.

*Appeal. Motion for carries without allowance by chancellor. Receivership. Sale. Practice. Encumbrance.*

1.  A chancellor has no power to allow or deny an appeal from his decree. If the decree is one from which an appeal can be taken, the mere filing of a motion therefor secures it.

2.  In this instance, upon the request of all parties, the court considered the case as properly before it on appeal, without inquiring whether the decreee was such that an appeal would lie.

3.  A court of equity can decree the sale of property in the hands of a receiver when necessary to preserve the interests of all parties, although the rights of the parties to the property have not yet been adjudicated.

4.  Such sale may be decreed without any special petition therefor where the bill itself prays for a sale and a receivership pending the sale.

5.  The residuary legatee filed a written request in the probate
court, before the settlement of the executor's account, that
the residue of the estate, without the amount thereof being
determined, might be decreed to the executor.   Thereupon
the probate court, upon due notice to all interested, deter-
mined that the amount of the estate was sufficient to pay
all debts and specific legacies, and ordered the executor to
pay the same and hold the balance of the estate as request-
ed by the residuary legatee.   *Held*, that by this decree,
unappealed from, the creditors and specific legatees lost
their lien upon the property of the estate not specifically
devised, so that they were not necessary parties to a suit in
equity concerning a portion of it, and that the same might
be sold under order of the court clear from liens and in-
cumbrances.

Appeal from an order of the court of chancery for the
county of Franklin at the April term, 1895, directing the sale
of certain receivership property, ROWELL, chancellor.   Ed-
ward A. Sowles and Margaret B. Sowles appeal.   The
opinion states the case.

*Wilson & Hall*, for the orators.

*Farrington & Post* for Burton's estate.

After the decree of the probate court neither the legatees
nor creditors of Hiram Bellows had any lien upon this prop-
erty.   *Bellows* v. *Sowles*, 57 Vt. 411 ;   *Weeks* v. *Sowles*, 58
Vt. 696 ;   *Witters, Rec.*, v. *Sowles, Exr.*, et al., 32 Fed.
Rep. 130, 135 ;   *Sowles* v. *Witters, Rec.*, 39 Fed. Rep. 403,
408 ;   *Carbell* v. *Hopkins*, 41 Vt. 250.

The court having jurisdiction had power to order a sale.
High, Receivers, ss. 15, 192, 196 ;   *Crane* v. *Ford*, Hop.
Ch. 114 ;   *First National Bank* v. *Shedd*, 121 U. S. 87 ;
*Miller* v. *Sherry*, 2 Wall. (69 U. S.) 237 ;   *Libby* v. *Rose-
crans*, 55 Barb. 219, 220.

*E. A. Sowles* and *H. A. Burt* for the appellants.

The court could not make an order of sale except upon petition. High, Receivers, s. 197 ; *Bank* v. *Burnham*, 58 Mich. 315 ; *Sherman* v. *Lyon*, 2 How. U. S. 43 ; Rorer on Jud. Sales, s. 66.

The court must have jurisdiction both of the subject matter and of all persons in interest. Rorer on Jud. Sales, s. 71, n. 1 ; High on Receivers, s. 196 ; *Tinch* v. *Hoyt*, 6 N. H. 370 ; *Dullon* v. *Hudson*, 6 Cow. 222 ; *Sibley* v. *Waffle*, 16 N. Y. 185 ; *Gibbs* v. *Shaw*, 17 Wis. 197.

ROSS, C. J.   The defendants, Edward A. Sowles and Margaret B. Sowles, his wife, filed a motion for an appeal from the decree of the chancellor authorizing a sale of the property involved in this litigation, now in the hands of the receiver. The chancellor denied the motion. It is unnecessary to consider whether the chancellor should have allowed the appeal. If the decree was one from which an appeal could be taken, the motion brought the case before this court. The solicitors for the orators and for defendant Burton, the parties asking that a sale of the property be decreed, do not now oppose the allowance of the appeal. Such exigencies have arisen that all the parties to the suit desire the opinion of the court upon the right and power of the chancellor to make the decree, authorizing a sale of the property. Hence we have not considered whether the decree was such that the motion brought the case here. By request of the solicitors, representing all parties, we treat the case as properly before this court on an appeal from the chancellor's decree. The solicitor for the defendants, Sowles, has made some question whether all the parties to the suit were present and represented in this court. One of the orators, the trustee Foster and the defendant O. A. Burton, have deceased, but their legal representatives have now been made parties and are represented by solicitors. Such entrance and appearance obviates this objection. This

brings us to a consideration of the right and power of the chancellor to decree a sale of the property free and clear of incumbrances, upon the case as made by the pleadings. The pleadings are somewhat voluminous. Only such portions of them will be stated as are involved in the consideration of the contention made by the appellants.

The property is the Tremont House property in the village of St. Albans. The orators claim to have acquired an equitable interest in it through the payment of subscriptions for the fitting up and the establishment of a shirt factory on the property, under a contract and a trust deed of the property from Oscar A. Burton, and Edward A. and Margaret B. Sowles, to Geo. W. Foster, and pray to have their equitable rights therein determined and made a charge upon the property. The bill admits that defendants may have equitable interests therein; the orators pray that these interests may be determined; that the property may be sold; that the proceeds may be divided among them according to their resepective rights, and until such sale, that it may be placed in the hands of a receiver. The bill was brought in 1887. A receiver was duly appointed and has managed the property from the fall of 1887 until the present time. The rents received have not been sufficient to pay the expenses of the receivership, necessary repairs, insurance and taxes. The receiver's debt is about two thousand dollars. The building on the lot, and from which the rents have mainly come, was recently destroyed by fire. Probably over two thousand dollars will be received from the insurance of four thousand dollars which was upon it. The chancellor, upon hearing and personal inspection, decided that it was injudicious and opposed to the interests of the parties, to order it to be repaired or rebuilt. There exists an opportunity to sell the property in its present condition. We think there can be no doubt in regard to the judiciousness of the decree, provided the chancellor had the power

to order it to be made.   On the question of the power of the
court of equity to decree a sale of property in the hands of a
receiver, Mr. High, in his work on Receivers, s. 192, says :
"A court of equity appointing a receiver to take possession
of property, pending a litigation, concerning the rights of
the parties thereto, is vested with the power of selling the
property in the receiver's hands, whenever such course be-
comes necessary to preserve the interests of all parties."
*Crane* v. *Ford*, Hopk. Ch. 114 ; *First National Bank of
Cleveland* v. *Shedd*, 121 U. S. 74.   The facts already stated
bring the decree within this rule.   While the property was
in a condition to produce rents, its management through a
receiver did not increase, but slowly and surely lessened the
*corpus* available for the parties interested.

The appellants contend that the court did not have juris-
diction of all the parties necessary to make such a decree.
By their answers to the bill, and by the cross-bill of Mar-
garet B. Sowles, it is conceded that the title to this property
formerly was in Oscar A. Burton and Hiram Bellows.   Mr.
Burton when this bill was brought was alive and owned his
undivided half of the property.   His estate is now repre-
sented.   Hiram Bellows deceased before the conveyance,
heretofore mentioned in trust to George W. Foster.   By his
will, which was duly probated, he gave the residue of his
estate to Susan B. Bellows, his wife.   Susan B. Bellows
also deceased and by her will, duly probated, gave the resi-
due of her estate to Margaret B. Sowles.   Edward A.
Sowles was the executor of both wills.   The appellants con-
tend that the creditors and legatees under these wills have
an interest in the Hiram Bellows undivided half of this
property ; that they are not made parties to this proceeding,
and therefore the chancellor could not decree a sale of the
property free and clear of all liens and encumbrances.   The
property is not specifically devised by either will.   Whether
Edward A. Sowles, the executor of these wills, so far rep-

resents the creditors and legatees of these estates that they would be legally bound by the decree need not be considered. Susan B. Bellows, the residuary legatee under Hiram Bellows' will, died before the decree of the probate court settling the executor's administration account and distributing the estates. Margaret B. Sowles, the residuary legatee under the will of Samuel B. Bellows, also the residuary legatee under the will of Hiram Bellows, in case Susan B. Bellows did not survive to take as such residuary legatee, filed a written request in the probate court to have it decree the residue of the Hiram Bellows estate to Edward A. Sowles, the executor of Susuan B. Bellows' will, without finding any definite amount, and without any inventory or specifications of the items of such residue, and also to make a like decree to her of the residue of Susan B. Bellows' estate. Thereupon, on due notice to all parties, the probate court settled Edward A. Sowles' account of administration on both estates, found there was property in the executor's hands sufficient to pay the creditors, and all the general and specific legacies named in the wills, including the legacy of the residue; ordered the executor to pay the creditors and legatees, and to pass the residue of each estate in accordance with the request of Margaret B. Sowles. No appeal was taken from these decrees. They freed the property of the estates, not specifically devised, from any lien or right to follow it by the creditors or general legatees. Except so far as the executor had used the property of the estates for the payment of the creditors and general legatees, they left the property in the hands of the executor to be used for these purposes and to pass the residue over to his wife, Margaret B. Sowles, who had consented that the residue might be thus left in his hands, and she would look to him therefor. By these decrees the creditors and general legatees, including the residuary legatee, lost all right to follow this property, or resort to it, in payment of their claims, ex-

cept as the property of Edward A. Sowles. Edward A. Sowles became obligated to them to pay their claims and legacies. This, in substance, has been held by this and the federal court. *Weeks* v. *Sowles*, 58 Vt. 696; *Witters* v. *Sowles*, 32 Fed. Rep. 130, 771; *Sowles* v. *Witters*, 39 Fed. Rep. 403. Hence the half of this property which formerly belonged to Hiram Bellows, under the decrees of the probate court, has become vested, either in Edward A. Sowles, because required to be used by him for the payment of the debts and general legacies, or in his wife, Margaret B. Sowles, the residuary legatee. Both are parties to this suit. So far as is disclosed by the pleadings and proceedings, there exist no parties having a legal or equitable interest in the property, except those who are parties to the bill, or persons who, by proceedings commenced subsequently to the bringing of the bill, are attempting to seize the rights of one or more of these parties. The contention that the court of chancery did not have jurisdiction of all necessary parties to enable it to make the decree is not sustained.

The prayer of this bill is for a sale, and until such sale can properly be made, that the property be placed in the hands of a receiver. Under such a bill, it is unnecessary for the receiver to file a petition praying for the sale of the property. The receivership is created in aid of a bill already filed by the parties interested praying for such sale. The solicitor for the appellants has instanced many cases where the court would not have power to order such a sale. But they do not fall within the admitted facts of this case. Among other things he contends that under the decree distributing the estate of Susan B. Bellows, he was ordered to hold $5000 of the estate in trust for St. Luke's Church. If so, he is here to protect that interest. But his answer to the bill does not set up that he holds this property as such trustee. He further contends that no sale should be ordered until the rights of the respective parties to the property are

ascertained and established, and cites cases where the proceedings are controlled by statutes, and perhaps, some not so controlled, in support of this contention. There is no statute controlling the court of equity in such proceedings in this state. They fall under the general principles quoted from High on Receivers. If this contention should be sustained, and the past diminution of the fund under the receiver's management, and delay of the parties in establishing their rights, continue, the court of equity would have but little, if any, of the original fund to distribute to the parties. The decree leaves the sale to be approved by the chancellor, and the parties' rights to the fund to be determined by subsequent proceedings. It places the fund in contention, where it will not be consumed by management, but where it will probably be added to by interest received. It is manifestly for the benefit of all interested that the property should be sold while there is a demand for it, and before the rights of the respective parties thereto are determined. It is also manifest that if the alleged rights of the orators are established, the property would have to be sold, and if they should fail to be established, that the rights of Burton's estate and of the appellants therein, cannot be adjusted without a sale of the property. Burton's estate is asking that the sale be decreed and made. Where the property cannot equitably be divided, one tenant in common, both at law and in equity, has the right to demand its sale.

*Decree affirmed and cause remanded.*