TOWN OF HYDE PARK *v.* ST. JOHNSBURY & LAKE CHAMPLAIN
RAILROAD COMPANY ET AL.

October Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 25, 1910.

*Public Service Commission—Appeals—Manner of Taking—*
*P. S. 4600—Construction.*

P. S. 4600, providing that appeals from the Public Service Commission
"shall be taken and the cause entered in the Supreme Court in the
county where the cause arises, in the same manner and under the
law and rules of procedure which govern such appeals from the
court of chancery," requires that the motion for such appeal be
filed with the Commission or its clerk, whose duty it then is to
transfer the cause and papers to the Supreme Court, in accordance
with the requirement of P. S. 1309; and where the motion for such
appeal is filed only with the clerk of the Supreme Court for the
county where the cause arose, the appeal will be dismissed by the
Supreme Court.

The Public Service Commission is a court of record.

ATTEMPTED APPEAL to the Supreme Court for the County of
Lamoille from a final order of the Public Service Commission
eliminating grade crossings in the town of Hyde Park.  Heard
on motion to dismiss.  The opinion states the case.

*Thomas C. Cheney* for the appellant.

*Harry Blodgett* and *Roger W. Hulburd* for the defendants.

POWERS, J.  This attempted appeal from an order of the
Public Service Commission is met with a motion to dismiss.  It
is agreed that such appeals are to be taken according to the pro-
visions of P. S. 4600, which, as amended by §1 of No. 116, Acts of
1908, is as follows: ''Appeals from said commission shall be
taken and the cause entered in the Supreme Court in the county

where the cause arises, in the manner and under the law and rules of procedure which govern such appeals from the court of chancery. * * *''

The appellant insists that this language requires that the appeal be *taken* in the Supreme Court, as well as entered therein. But the true meaning of the requirement is made plain by the better punctuation of the opinion in *Central Vermont Ry. Co.* v. *Hartford*, 82 Vt. at p. 148, wherein it is said: ''Such appeals are to be taken, and the case entered in the Supreme Court in the county in which the case arises, in the manner, and under the law and rules of procedure, that govern such appeals from the court of chancery. * * *''   The appeal is to be *taken*, as well as entered, in the manner of chancery appeals.   This requirement is not to be taken literally, but as meaning that the motion for the appeal shall be filed with the commission or its clerk.   This interpretation not only harmonizes the requirement with our other statutes governing appeals, such as appeals from the judgments of justice courts, probate courts, courts of insolvency and courts of chancery—all of which are to be filed with the court rendering the judgment or decree appealed from—but it also makes complete the records of the commission, which is, in effect, constituted a court of record.   When a motion is so filed, it brings the case to this Court without action on the part of the commission, *Smith* v. *Burton,* 67 Vt. 514, and it becomes the duty of the clerk of the commission to transfer the cause and papers agreeably to the provisions of P. S. 1309.

*Appeal dismissed.*