TOWN OF HYDE PARK *v.* ST. JOHNSBURY & LAKE CHAMPLAIN

RAILROAD COMPANY ET AL.    .    .    .

Special Term at St. Johnsbury, April, 1911.    .

Present:   ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed May 5, 1911.

*Appeals in Chancery and from the Public Service Commission—*
*Manner and Time of Taking—Authority of Commission to*
*Allow.*

Where there is a right of appeal from a decree of the court of chancery,
the mere filing of a motion therefor secures such appeal, without let
or hindrance from the court, which has nothing to say about it.

Under P. S. 4600, providing for appeals from a final order of the Public
Service Commission, such appeal can be taken only by a motion there-
for lodged with the Commission within twenty days from the filing
of such order; and thereby the appeal is secured without let or hindrance
from the Commission, which has nothing to say about it, and which
has no authority to allow such appeal after the expiration of that
twenty days.    .    . .

ATTEMPTED APPEAL to the Supreme Court for the County
of Lamoille, by a landowner, from a final order of the Public
Service Commission eliminating grade crossings in the town of
Hyde Park.   Heard on motion to dismiss.   The opinion states
the case.   This case has been once before in the Supreme Court,
see 83 Vt. 562.

*Thomas C. Cheney* for the appellant.

Under the practice in the court of chancery, and here under
P. S. 4600, the time limited for taking an appeal is fixed by a
rule of court and not by the statute; and, hence, for good cause
shown, the Public Service Commission has the authority to
take this case out of the rule and allow the appeal after the
expiration of the twenty days.   2 Daniels Ch. Pl. & Pr. 1571;

*Smith* v. *Smith,* 1 Paige, 391; *Caldwell* v. *Mayor etc.,* 9 Paige, 572; Urqu. Exper. Solic. 19; 11 Cyc. 5a, 743; *Plattsburgh First Nat. Bank* v. *Post,* 65 Vt. 222; *McNeish* v. *U. S. Hulless Oats Co.,* 57 Vt. 316.

*Harry Blodgett* and *R. W. Hulburd* for the defendants.

The time limited for taking an appeal in chancery and from an order of the Public Service Commission is fixed by statute, and not by rule of court; hence said Commission had no authority to allow this appeal after the expiration of the time fixed by statute for the taking thereof. *C. V. R. Co.* v. *State and Town of Hartford,* 82 Vt. 148; *Bacon et al.* v. *B. & M. R. R. et al.,* 83 Vt. 457; *Smith* v. *Burton,* 67 Vt. 514; *Gove* v. *Dyke,* 13 Vt. 308; *West Derby* v. *Cemetery Association,* 69 Vt. 166; *Green* v. *McDonald,* 72 Vt. 258; *Martin* v. *Palmer,* 72 Vt. 409; *In re Murphy,* 73 Vt. 115; *Taft* v. *Taft,* 82 Vt. 64.

ROWELL, C. J.   This is an appeal from an order of the Public Service Commission made and promulgated June 14, 1910.   The appeal is taken on the strength of leave granted by a majority of the Commission on November 29, 1910.

But the Commission had no authority to grant the leave, for both the right of appeal and the time and manner of exercising the right, are fixed and regulated by statute.   Thus, the right of appeal is given by P. S. 4551, as amended by section 4, No. 108, Acts of 1908.   The manner of appeal is regulated by P. S. 4600, and is, that the appeal shall be taken and entered in this Court in the manner and under the laws and rules of procedure that govern such appeals from the court of chancery. Term decrees of the court of chancery are appealed from by a written motion filed at the term in which the decree is made, with some exceptions not necessary to be stated.   P. S. 1307. Vacation decrees in chancery are appealed from in the same way, but the time for filing the motion is computed from the time when the decretal order is filed.   P. S. 1239.   Section 1301 of the Public Statutes provides that "after twenty days from the time a final decree is made, if no appeal is entered therefrom nor petition for a rehearing filed, the clerk shall record the decree".   It

is the motion that effectuates the appeal when the right exists, and no action of the court need supervene upon it, for the court has nothing to say about it.    *Smith* v. *Burton,* 67 Vt. 514.

In *Green* v. *McDonald,* 72 Vt. 258, the decree was filed January 16, and the motion for an appeal was filed February 10, and held too late. The Court said in so many words, that a motion for an appeal from a vacation decree must be filed within twenty days from the time the decretal order is filed with the clerk, and at the term in which the decree is made; and the statute then was the same to all legal intents as now; and as both term and vacation decrees in chancery are appealed from in the same way and within the same time, that decision is applicable to both.

*Thus it appears that the appeal in this case was improperly allowed, and the same is dismissed with costs.*