LAFOUNTAIN & STAPLES *v.* WILDER & NICHOLS.

November Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 16, 1912.

*Appeal in Chancery—Effect of Motion for Appeal—Failure to Pay Entry Fee—Effect.*

The filing by the clerk of the court of chancery of a motion for appeal instantly transfers the cause to the Supreme Court, and the fact that the "entry fee," required by P. S. 6208 to be paid to the clerk of the court before entry of the case in the Supreme Court, was not paid until after the adjournment of the term of that Court held next after the motion for appeal was filed was not ground for refusing to docket the appeal; and the adjournment of that Court before the payment of the fee did not remand the case to the court of chancery.

APPEAL IN CHANCERY. Heard at the June Term, 1912, Windsor County. Decree for the defendants. The orators appealed. The opinion states the case.

*Charles Batchelder* and *Dunnett & Slack* for the orators.

*John G. Sargent, Homer L. Skeels* and *Gilbert A. Davis* for the defendants.

PER CURIAM.    This was a suit in chancery pending in Windsor County, wherein such proceedings were had that a decree was rendered for the defendants.    Thereupon, the orators prepared and forwarded to the clerk a motion for an appeal.    This was received and filed by the clerk within the time limited therefor. But no so-called "entry fee" was paid by the orator until after the adjournment of the term of the Supreme Court held next after this motion was filed.

The claim of the defendants is that such a fee was called for by P. S. 6208, and that this attempted appeal was unavailing since the prepayment of this fee is required by the statute referred to.

It was said by Ross, C. J., in *Smith* v. *Burton,* 67 Vt. 514, 32 Atl. 467, in speaking of chancery appeals that "if the decree was one from which an appeal could be taken, the motion brought the case before this Court."

The defendants do not overlook this, but say that the statute did not then require the prepayment of the entry fee.    But the statute which provides for the appeal, P. S. 1239, 1307, is, so far as here involved, the same now as it was then, V. S. 981. The defendants say, further, that the statement in *Smith* v. *Burton* is a mere *dictum* and only entitled to respect as such. However this may be, it is a correct interpretation of the statute, and has become the established doctrine of this Court.    For, in *Hyde Park* v. *St. J. & L. C. R. R. Co.,* 83 Vt. 562, 77 Atl. 913, we said that in appeals from orders of the Public Service Commission it was the motion which brought the case to this Court, and that this was so because it was so in chancery appeals, citing *Smith* v. *Burton.*

When the motion was filed by the clerk of the court of chancery the case was instantly transferred to the Supreme Court for the County of Windsor, of which he was also clerk. *Tucker* v. *Eden,* 68 Vt. 168, 34 Atl. 698.    To be sure, the next term of that court adjourned before the fee was paid, but that did not remand the case to the court of chancery.    It remained in the Supreme Court, though it was omitted from the docket of that Court.    When the motion was filed it became the duty of

the court of chancery to transfer the cause and papers agreeably to the provisions of P. S. 1309. Not having done so then, he should do so now.

Whether an "entry fee" was required on such an appeal and what the situation would be if the fee had not been paid at all, are questions which are not involved nor considered.

*Let the case be entered on the docket.*