NORA DOWNER *v.* ARTHUR BATTLES.

November Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed January 7, 1931.

*Pierce & Armstrong* for the defendant.

*Gelsi Monti* for the plaintiff.

Slack, J. This action is to recover for personal injuries received by the plaintiff in an automobile accident. A trial was had by jury at the March Term, 1930, of Washington county court which resulted in a verdict for plaintiff and the case came here on defendant's exceptions. At the October Term, 1930, of this Court the exceptions were waived, whereupon the plaintiff filed a motion for a certified execution. The only question is whether in the circumstances the motion can be granted by this Court provided it is made to appear that the plaintiff is entitled thereto.

From the docket entries, the files, and the record of the trial court, which is all that we have before us, it appears that the March Term, 1930, of the Washington county court opened March 11; that a verdict was returned for the plaintiff in this case May 21; that defendant filed a motion to set aside the verdict May 28; that on June 6 the court "recessed" to July 14, and ordered that "Judgment in all cases tried by jury to be entered as of today"; that accordingly judgment was entered for the plaintiff, and defendant's exceptions were noted on the docket June 6; that defendant's bill of exceptions was signed June 14 and was filed June 23; that on July 17 the plaintiff filed a motion for a certified execution which on the same day was denied and plaintiff's exception to such denial allowed, and that the term of court was finally adjourned July 25, 1930.

The plaintiff contends, in the first place, that when the defendant's bill of exceptions was filed the jurisdiction of the trial court ceased and therefore its action in denying her motion for a certified execution was a mere nullity. We have no doubt that this is so. The effect of an appeal, when perfected, is to remove from the jurisdiction of the trial court all questions concerning the validity or correctness of the judgment or order appealed from. *Parkside Realty Co.* v. *MacDonald,* 167 Cal. 342, 139 Pac. 805; *Commonwealth* v. *Stern's Lumber*

*Co.,* 31 Ky. Law Rep. 439, 102 S. W. 836; *United Rys. & Electric Co.* v. *Corbin,* 109 Md. 52, 71 Atl. 131; *Ætna Ins. Co.* v. *Thompson,* 34 Wash. 610, 76 Pac. 105; *Reed* v. *Bright,* 232 Mo. 399, 134 S. W. 653; *Getchell* v. *Great Northern R. R. Co.,* 22 N. D. 325, 133 N. W. 912; *Pryor* v. *Pryor et al.,* 164 Ga. 7, 137 S. E. 567. The status of a case after remand is analogous in principle. *Nicholas* v. *Estate of Nicholas,* 80 Vt. 242, 67 Atl. 531. The effect of exceptions, the usual method of transferring law cases to the Supreme Court under our practice, when perfected, is obviously the same. And for this purpose they are considered as perfected when filed.

By an ancient rule of this Court, and also of the county court, all judgments, unless otherwise ordered, are treated as taking effect on the last day of the term. *Hoar* v. *Commissioners of Jail Delivery,* 2 Vt. 402; *Day* v. *Lamb,* 7 Vt. 426; *Bradish* v. *State,* 35 Vt. 452. Such, too, was the practice in Maine, New Hampshire, and Massachusetts. *Chase* v. *Gilman,* 15 Me. 64; *New Hampshire Strafford Bank* v. *Cornell,* 2 N. H. 324; *Goodall* v. *Harris,* 20 N. H. 363; *Haynes* v. *Thom,* 28 N. H. 399; *Herring et al.* v. *Polley,* 8 Mass. 119. See, also, *Blanchard* v. *Ferdinand,* 132 Mass. 389; *Nugent* v. *Boston Consol. Gas Co.,* 238 Mass. 221, 238, 130 N. E. 488. But the power of the court to enter judgment at any time during the term in a case ripe for judgment is recognized by some of these cases, and cannot be doubted. Freeman on Judgments, Vol. II, par. 976, and note 10.

While the mere rendition of judgment did not divest the court of its jurisdiction of the case, *Mutual Life Ins. Co.* v. *Foster,* 88 Vt. 503, 93 Atl. 258, and cases cited, when the exceptions were filed the trial court's authority respecting every phase of it that entered into or affected the judgment ended.

The filing of the exceptions by the county clerk operated as effectually to transfer the case to this Court as did the filing of the motion for an appeal in *Lafountain & Staples* v. *Wilder & Nichols,* 86 Vt. 301, 85 Atl. 5, and *Town of Hyde Park* v. *St. J. & L. C. R. R. Co.,* 83 Vt. 562, 77 Atl. 913.

The filing of plaintiff's motion in the trial court after that court ceased to have jurisdiction of the case was likewise a fruitless act, and her status here is the same as though no step had been taken respecting this matter in the lower court. It is not claimed that the plaintiff or her counsel did not learn that

judgment had been entered in season to have protected her rights before the defendant's exceptions were filed and the court thereby lost jurisdiction of the case. This refutes her claim that she acted seasonably and had no opportunity to have her motion passed upon by the trial court. For this reason, if for no other, the cases relied upon by her, *Smith* v. *Ladrie*, 98 Vt. 439, 129 Atl. 302, and *Darling* v. *Woodward*, 54 Vt. 101, are not in point. But in those cases the judgment below was for the defendant, so that the plaintiff actually had no opportunity to present such a motion in the trial court, and it was held that upon a reversal of the judgment the motion was properly made in this Court. It was said in the latter case, however, that if the plaintiff had had an opportunity to present a motion in the county court, his motion made in this Court would not have been entertained. Such is the established practice in this State, and we are not disposed to depart from it. Exceptional cases must not be permitted to beget bad law. In the circumstances the motion must be, and is, denied.

*Motion denied.*