BERTHA R. DOLHAM v. HANNAH CROWNE, ADMX.

January Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 11, 1939.

*W. C. Lindsay* for the appellant.

*F. C. Williams* for the appellee.

SHERBURNE, J. ■ ■ This attempted appeal from an order of the probate court for the district of Orleans is met with a motion to dismiss. By P. L. 3001, ''a person interested in an order, sentence, decree or denial of a probate court involving only a question of law may take an appeal therefrom directly to the supreme court in the manner provided in cases of appeals from the court of chancery.'' Chancery appeals are effected by motions filed with the clerk of that court—without more. *Hyde Park* v. *St. J. & L. C. R. R. Co.*, 84 Vt. 326, 79 Atl. 873; *Gove* v. *Gove's Admr.*, 87 Vt. 468, 470, 89 Atl. 868; *In re Robinson's Will*, 101 Vt. 464, 144 Atl. 457, 75 A. L. R. 59. So under a statute quite like the one here involved, appeals from the orders of the public service commission are taken by motions filed with its clerk. *Hyde Park* v. *St. J. & L. C. R. R. Co.*, 83 Vt. 562, 563, 77 Atl. 913. In the last named case the motion for appeal was filed with the clerk of this Court rather than with the clerk of the commission and for that reason the appeal was dismissed. So here the appeal should have been filed with the register of the probate court, who performs the duties of the clerk of that court, P. L. 2730, or with the judge, who may perform the register's duties, P. L. 2733, instead of with the clerk of this Court. This procedure makes complete the records of the probate court, and harmonizes the requirement with our other statutes governing appeals, such as appeals from the judgments

of justice courts and courts of chancery, all of which are to be filed with the court rendering the judgment or decree appealed from.

*Appeal dismissed.*