AMAZON INSURANCE COMPANY v. PARTRIDGE.

*Power of County Court to Revise its Records and Judgments.*

Judgment for plaintiff by agreement, and bond filed for its payment. Plaintiff's attorney, by mistake, neglected to make a motion for a certified execution. At a subsequent term, plaintiff filed a motion to have the case brought forward, the judgment vacated, and for a certified execution, and the motion was granted. *Held,* that the County Court had no power to grant the motion.

THIS was a motion by the plaintiff to bring forward a case wherein judgment was rendered for him by agreement, at the December Term, 1874, and for a certified execution. The facts appear from the opinion. The motion was made at the December Term, 1875, Caledonia County, Ross, J., presiding, at which term the court, on hearing, ordered the case brought forward, and the judgment vacated, and rendered judgment, as of that term, adjudging that the cause of action arose from the willful and malicious act of the defendant, and that he ought to be confined in close jail; to which the defendant excepted.

*B. N. Davis,* for the defendant, cited *Smith et al.* v. *Howard,* 41 Vt. 74; *Styles* v. *Shanks,* 46 Vt. 612.

*Belden & Ide,* for the plaintiff, cited *Smith et al.* v. *Howard,* 41 Vt. 74; *Franks* v. *Lockey et al.* 45 Vt. 395.

The opinion of the court was delivered by

ROYCE, J. This was an action of assumpsit, in which judgment was rendered for the plaintiff at the December Term, 1874, for $450, as liquidated damages, without costs, by agreement, to be paid as per bond on file; and it appears by the docket entries which are referred to, that the affidavit of H. C. Ide was filed on the 5th day of February, 1875, and an execution was issued against the body of the defendant on the same day. At the December Term, 1875, of the County Court, the plaintiff filed a

16

motion, and an affidavit in support of the same, setting forth that the money for which said judgment was rendered, was received by the defendant in a fiduciary capacity; that he was by law entitled to an execution certifying that the cause of action arose from the willful act of the defendant; and that at the time of the rendition of said judgment, it was understood that the execution to be issued upon said judgment should be so certified, but that by a mistake his said attorney omitted to cause the court to enter an order for an execution so certified; and praying that the cause might be brought forward, that he might have an execution in the premises so certified. The court ordered the cause to be brought forward, and the judgment of December Term, 1874, to be vacated, and rendered judgment as of the December Term, 1875, and adjudged that the cause of action arose from the willful and malicious act of the defendant, and that he ought to be confined in close jail; and the case comes here upon exception to this judgment and the granting of the certificate. The motion of the plaintiff was granted, upon the facts set forth in the same, and the affidavit of the attorney.

The County Court has such control over its records and judgments that it may, within certain limits, order them corrected, and may, for sufficient reasons, order a case brought forward after final judgment, and vacate that judgment, and open the case for further proceedings. This is generally so far a matter of discretion in the County Court that this court will not revise their action on exceptions. But this is not an invariable rule; and in this case, we think the cause alleged, and the avowed purpose in bringing the cause forward and vacating the previous judgment, clearly bring it within the power of this court to revise their judgment and rulings. The ground stated in the motion and affidavit for bringing forward the cause and vacating the judgment is, that by mistake of counsel, the motion was not made and an order obtained for a certified execution at the term of court when the judgment was rendered. The judgment was regular and the record perfect; and where, by mistake, the party neglects to assert a claim or right, that he might and should have made at the term when the judgment was rendered, the County Court have

no legal right to vacate a regular and perfected judgment, in order to give him an opportunity to assert such a claim, which he has lost by his own neglect. In some of the adjudged cases in this state, the fact that the rights of third parties might be prejudiced is made an important consideration, but not the controlling one. The case as stated shows no legal warrant for the exercise of the discretion of the court in doing what was done ; and an examination of the authorities relied upon by the plaintiff, will be found to be in harmony with this view. The judgment of the County Court is reversed, and the motion to bring forward the case is dismissed.