GEORGE H. & J. M. WEEKS v. LOREN PRESCOTT.

*Petition to Supreme Court. Discharge in Bankruptcy. Waiver.*

1. A discharge in bankruptcy must be *pleaded* to be effectual as a bar. It is not sufficient that a "suggestion of bankruptcy" be minuted upon the docket of the court.
2. The Supreme Court on petition have no power to vacate a perfect judgment rendered at a former term of the same court, to bring forward the cause, and render a qualified judgment against the property attached, and not against the person.

PETITION to the Supreme Court. The case is stated in the opinion.

*George W. Cahoon*, for the petitioner.

When the suggestion of bankruptcy was made the power of the counsel ceased. *Knapp* v. *Fisher*, 49 Vt. 95. The County Court should have rendered a judgment *in rem*, only against the property attached. This court has the power to correct the wrong. *Scott* v. *Stewart*, 5 Vt. 57; 43 Vt. 375; Bump Bank. 282, 290, 480, 507; 57 Me. 85; 21 Vt. 623; 99 Mass. 376; 56 Me. 559; 4 B. R. 1; 14 B. R. 341; *Foster* v. *Austin*, 33 Vt. 615; *Montgomery* v. *Vinton*, 37 Vt. 514; *Adams et al.* v. *Howard*, 14 Vt. 560; *Mosseaux* v. *Brigham*, 19 Vt. 457.

*Belden & Ide*, for the petitionee.

This suggestion of bankruptcy can in no sense be construed into an application for a stay of proceedings, for the very good reason that the petitioners consented that the suit should go forward to final determination. *Holland* v. *Martin*, 123 Mass. 278, and cases there cited; *Todd* v. *Barton*, 117 Mass. 291; *Palmer* v. *Merrill*, 57 Me. 26; Bump Bank. 689, 690.

It is apparent on the face of the petition, that the petitioners got themselves into the difficulty herein sought to be relieved from, by their own negligence. *Amazon Ins. Co.* v. *Partridge*, 49 Vt. 121.

The opinion of the court was delivered by

Ross, J. This is a petition to have this court bring forward upon the docket the cause of *Loren Prescott* v. *Geo. H. & J. M. Weeks*, determined at the General Term, 1880, and vacate the judgment then rendered, and render a qualified judgment against the property attached on the writ in that suit, and not a judgment against the persons of the petitioners. The ground for this asking, is, that the petitioners, before the rendition of the judgment by the County Court in that case, had been adjudged bankrupts and had regularly obtained discharges in the U. S. District Court, and had had a " suggestion of the bankruptcy " of each petitioner minuted upon the docket of the County Court, as an entry in the case. These facts, substantially, are admitted by the demurrer of the petitionee. We do not think that they entitle the petitioners to the relief prayed for. If this court should order the case brought forward, and vacate its judgment rendered therein at the October Term, 1880, the case would then stand for consideration and judgment upon the exceptions sent to this court from the County Court. The exceptions show no action, whatever, in the particular complained of by the County Court, and hence no error in that court for this court to correct. This court on the exceptions would be powerless to grant the relief prayed for. The most that the petitioners' case shows is, that by proper pleadings they could have called upon the County Court to have taken action upon the subject of their discharges in bankruptcy, but did not. Whether that action would have been erroneous, or correct, is not shown or known. The suggestion of the bankruptcy of the petitioners to the County Court, and the order of the court directing such suggestion to be entered upon the docket, did not operate to bar a personal judgment against the petitioners, nor call upon the court to take any action upon that subject. The utmost, effect that could be given to such suggestion, would be to lay the foundation for an application for a continuance of the case to give the petitioners time to obtain, and plead their discharges, if obtained. But the right to have such continuance granted, as well as the right to plead their discharges in bar of a personal judgment, was personal to the petitioners, and was waived by them by not

being insisted upon.  *Holland* v. *Martin*, 123 Mass. 278, and cases there cited ; Bump on Bankruptcy, (9th ed.) 689 and 690 ; *Brandon Manfg. Co.* v. *Frazer*, 47 Vt. 88.  That such continuance of the case in the County Court, and pleading in bar of a personal judgment against them in that suit, their discharges in bankruptcy were not had in the case, instead of being an error of the County Court, were occasioned by the non-action or negligence of the petitioners or their attorneys.  This court, unless under very peculiar circumstances, would not, if it could, disturb a perfect judgment to relieve a party from the effect of his own carelessness and negligence.  *Amazon Ins. Co.* v. *Partridge*, 49 Vt. 121.  Hence the facts, admitted by the demurrer, do not furnish any ground for relief, and if they did, this court is powerless to grant such relief upon the record, if the cause were brought forward.

The demurrer is sustained, and the petition adjudged insufficient, and dismissed, with costs to the petitionee.