ARLINGTON MANUFACTURING CO. (LIMITED)

v.

THOMAS MEARS.

ARLINGTON MANUFACTURING CO. (LIMITED)

v.

RALPH BENTLEY.

Bennington County, 1893.

Before :    Taft, Rowell, Tyler and Thompson, JJ.

*County court may strike off default.*

The county court may, upon motion, strike off a judgment by default during the term at which it is rendered.    R. L. s. 1,422, providing for a petition to the county court in such case, affords an additional remedy, not an exclusive one.

Trover.    Heard at the December term, 1892, upon motion of the defendant to strike off a judgment by default, Start, J. presiding.    Motion granted.    Exceptions by plaintiff.

The case was entered the first day of the term.    On the fifth day, upon call of the docket, judgment was rendered by default.    On the seventh day an attorney entered an appearance on the docket for the defendant and on the ninth day moved the court to strike off the default, which the court did as a matter of discretion.

*Sheldon & Cushman* and *Frost & Howe* for the plaintiff.

The defendant must proceed under R. L. s. 1,422.    *Sheldon* v. *Sheldon and Tr.*, 37 Vt. 152 ; *Webb* v. *Webb*, 16 Vt. 639 ; *Bradley* v. *Chamberlin*, 31 Vt. 471 ; *Wood* v. *Payea*,

138 Mass. 61; *Hendrick* v. *Whittemore*, 105 Mass. 23; *Collins* v. *Smith*, 16 Vt. 9; *Porter* v. *Guile*, 47 Vt. 623; *Goddard* v. *Fullam*, 38 Vt. 75; *Prior* v. *Wilbur*, 63 Vt. 407.

*Fowler & Son* for the defendant.

The court may in its discretion strike off a default. *Hale* v. *Griswold*, 1 D. Chipman, 107; *Scott* v. *Steward*, 5 Vt. 57; *Mosseaux* v. *Brigham*, 19 Vt. 457; *Tudor et al.*, v. *Taylor*, 25 Vt. 449; *Foster* v. *Redfield et al.*, 50 Vt. 285; *Leach* v. *Leach*, 51 Vt. 440.

TAFT, J.   In each of these causes at the December term of the county court, the defendant was defaulted and judgment entered upon the default. Afterwards, during the term, the entry of default and judgment was stricken off and the cause continued for trial.   The legal power of the court to so strike off the entry of default and judgment is challenged. The plaintiff concedes that such power existed prior to the passage of R. L. s. 1,422 which reads: " When a judgment is rendered by a county court upon default, and the defendant or a trustee therein is unjustly deprived of a hearing by fraud, accident or mistake, the party so deprived of a hearing may bring his petition or motion to such county court within two years from the rendition of such judgment and not after, to have the judgment so rendered by default set aside," but insists that such power was taken from the court by that section.   To strike off an entry of default and judgment at any time during the term when such entry was made, has always been within the power of the county court.   R. L. s. 1,422 extended such power by enabling a defendant to bring his petition for that purpose at any time within two years from the rendition of the judgment.   If a default is entered on or before the third day of the term, the defendant has the right, by R. L. s. 1,171, to have the entry

erased and a trial granted him.    After the third day of the term it is not of right, but it is within the discretion of the county court.    The case passed to this court before final judgment under R. L. s. 1,390.    The action of the court below was correct.

*The cause is remanded for further proceedings, with costs to defendant in this court.*