# TOWN OF UNDERHILL v. TOWN OF JERICHO.

### GENERAL TERM, 1893.

*Jurisdiction of supreme court to correct its judgments.*

When the supreme court has fairly heard a cause coming to it
from the county court upon exceptions, has decided the
questions raised and remanded the cause to the county
court, it has no further jurisdiction in the premises and
cannot entertain a petition for the correction of an error in
its decision, although the judgment was in chief.

Petition to the supreme court for the county of Chittenden
to bring forward a cause upon its docket and correct the
judgment of the court therein.

The case, 64 Vt. 362, was first brought before a justice
of the peace and came upon appeal into the county court.
There the defendant pleaded that the justice had no juris-
diction for that he was a resident of one of the towns inter-
ested in the event of the suit, and that the suit should there-
fore abate.   The plaintiff traversed this plea and a trial was
had by court upon the issue thus formed.   Upon the facts
found by the court the defendant was given judgment for its
costs in county court.   The plaintiff excepted, and the su-
preme court, at its January term, 1892, reversed this judg-
ment, held that the plea in abatement was insufficient, gave
judgment in chief for the plaintiff and remanded the cause
to the county court for the assessment of damages.

The petitioner claims that the judgment of the supreme
court ought not to have been in chief, but that the cause
should have been remanded with instructions to allow the

defendant to plead over, and the purpose of this proceeding is to obtain such a correction of that judgment.

*S. C. Shurtleff* for the petitioner.

*M. H. Alexander* and *Seneca Haselton* for the defendant.

This case is not now pending in the supreme court and that court has no control over it. *Jericho* v. *Underhill*, 64 Vt. 362.

The court will not revise its former decision in the same case. *Stacy* v. *Vermont Central Railroad Co.*, 32 Vt. 551; *Herrick* v. *Belknap's Estate*, 27 Vt. 673; *Childs* v. *Insurance Co.*, 56 Vt. 609; *St. Johnsbury etc. Rd. Co.* v. *Hunt*, 59 Vt. 294; *Sturges* v. *Knapp*, 36 Vt. 439; *Bank* v. *Ross*, 1 Aik. 43; *Browder* v. *McArthur*, 7 Wheat. 58; *Sibbald* v. *United States*, 12 Pet. 488; *Washington Bridge Co.* v. *Stewart*, 3 How. 413; *Peck* v. *Sanderson*, 18 How. 42; *Maguire* v. *Tyler*, 17 Wall. 253.

ROSS, C. J.   This is a petition preferred to the supreme court for the county of Chittenden at its January term, 1893, setting forth that the town of Jericho had a cause pending against the petitioner in the supreme court of that county at its January term, 1892, which was heard; that the cause had not been heard upon its merits in the county court; that the supreme court reversed the judgment of the county court and rendered judgment in chief against the petitioner, thereby depriving the petitioner of the right to a trial upon the merits of the cause; that the judgment so rendered was an error, or oversight, and upon proper hearing the court would allow the petitioner to plead over and try the cause upon its merits, inasmuch as the plea it had entered, and on which the court had passed, was a plea to the jurisdiction, and not a plea in abatement. The petitioner prays that the cause may be brought forward upon the docket and the mandate

corrected, or changed, so as to give the petitioner the right
to try the case in the county court upon its merits. The
mandate, or judgment order, remitted the cause to the
county court for the assessment of damages. 64 Vt. 366.
The argument of the counsel of the petitioner has been di-
rected mostly to endeavoring to show that this court errone-
ously gave judgment in chief in favor of Jericho, on its plea.
But before this court can reach that question it must deter-
mine whether it is or, on this proceeding, can be brought
before it for determination. The cause came to this court
on exceptions, which are legally equivalent to a writ of
error. It was fully and regularly heard. The court then
took a recess, and on reconvening the opinion of the court
was read and the judge having the case inquired of the
counsel what they claimed the judgment should be, whether
in chief, as was rendered, or reversing and remanding the
cause for the petitioner to plead to it on its merits. The
counsel for the town of Jericho claimed that it was entitled
to a judgment in chief. The court held the case to consider
the point raised. Neither the counsel for the petitioner nor
for Jericho furnished the court with any authorities upon the
point inquired about. After examination and consideration
the judgment ordered was entered and the cause remitted to
the county court, where the case is now pending. Hence
this court has not the case within its control to bring forward
upon its docket. The true cause was regularly before this
court at the January term, 1892. It was duly heard and
considered. The judgment order was not procured by any
concealment, misrepresentation or misinformation. It was,
in no sense, an inadvertence. It was regularly entered, and
the cause regularly remanded to the county court. The
petition, in legal effect, is a motion to have the cause brought
forward and reheard, and reaches only what rests in the
records of this court. The state has no statute relating to
the subject. The result is, the petition does not lay hold of

the original. cause, nor bring it within the reach of this court. When this court received the full and true bill of exceptions from the county court it had the case in hand for consideration. It gave the cause thus before it due hearing and consideration without being lead into any inadventure by concealment, misrepresentation or default by any one, or of any kind. It disposed of and regularly remanded the case to the county court. It thereby exhausted its jurisdiction thereof and has no power upon this petition certainly, and probably none, without the aid of legislation, to recall the case from the county court, where it is now pending. Such is the reason of the premises, and such the decisions in regard to the jurisdiction of the appellate court, or court of error, over cases once before it, heard, considered, determined and remanded in due course to the trial court. In such a case the appellate court, or court of error, has exhausted its jurisdiction over the cause, although an error of judgment on the part of the court may have intervened. If its judgment order was not upon the case as shown by the records of the trial court; or, if the court of error failed to acquire jurisdiction of one of the parties through neglect to notify him, as required by law; or, if the judgment order issued erroneously through the misprison of its clerk; or, if it issued by inadventure, by reason of concealment, fraud, misrepresentation, misinformation, or other default, so that the jurisdiction of the court of error has not been exercised upon the real cause, or in due course, and the remittitur does not represent the true judgment of the court of error, properly and orderly obtained, the cause, notwithstanding the erroneous remittitur received by the trial court, is still in the appellate court or court of error, and its jurisdiction thereon has not been exhausted. *Legg* v. *Overbagh*, 21 Am. Dec. 115 (4 Wend. 188), and note reviewing the cases. *Lovett* v. *State of Florida*, 16 L. R. Anno. 313. On the facts of this case this court, at its January term, 1892, fully, fairly

and orderly exercised and exhausted its jurisdiction over the cause, and cannot now, on this petition, at least, lay hold of and recall it. Whether, therefore, the decision is erroneous, and if erroneous, whether, under the circumstances, this court could or ought to correct it, is not before us for consideration. These points, although fully presented in the petitioner's brief, we have not considered.

*Petition dismissed with costs.*

Taft, J., did not sit.
Start, J., doubting.