### J. J. MONAHAN v. E. T. MONAHAN.

October Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed November 15, 1904.

*Supreme Court—Jurisdiction—Motion after Mandate.*

A mandate sent down by the Supreme Court, upon final judgment in a case appealed from the court of chancery, carries the case with it, and puts it into the court of chancery to be proceeded with according to law and the practice of that court.

After such mandate, the Supreme Court has no jurisdiction to entertain a motion that the case be brought forward from its docket, and continued.

MOTION that a case be brought forward from the docket and continued, made and heard in Supreme Court, October Term, 1904. The opinion states the facts. See the original case, *Monahan* v. *Monahan, ante.*

ROWELL, C. J. This is a motion that the case be brought forward from the docket of last term, the entry then made therein affirming the decree and remanding the case, stricken off, and the case continued, because, no opinion having yet been filed, the defendant's solicitors are ignorant of the grounds of the judgment of this Court, and so do not know what, if any action should be taken to protect the defendant's rights. But this motion cannot be granted, for the case is not here. The mandate was sent down on the 30th of last May, and the case then entered on the docket of the Court of Chancery. That this was after the final adjournment of the March term of Chittenden county court makes no difference, for when the mandate went down it carried the case with it, and put it into the Court of Chancery, to be proceeded with according to law and the practice of the court, for such is the force of the statute, which provides that the case shall be remanded, and when remanded, that it shall be entered on the docket of the Court of Chancery, and if that court is then in session, that the same proceedings may be had therein as though the case had been entered the first day of the term, and a final decree entered as in other cases. V. S. 986. This last provision has been enlarged by V. S. 915 as amended by Sec. 6, No. 35, Acts of 1898, which provided that for all purposes the Court of Chancery shall always be open for business, and that a chancellor at chambers may make any order or decree that the court can make at a stated term.

That the effect of the mandate is, when it goes down, to take the case out of this Court, has been regarded as a thing

of course. Thus, in *Canerdy* v. *Baker,* 55 Vt., at page 581, it is said that probably this Court would hear a motion to correct apparent errors, if made at the term and before the case is remanded. In *Lamoille Valley R. R. Co.* v. *Bixby,* 57 Vt., at page 561, it is said to be too late to apply after mandate. The same thing is true when a case is remanded by this Court to the county court. *Underhill* v. *Jericho,* 66 Vt. 183, 28 Atl. 879, and also when a case is appealed from the judgment of a justice. *Banister* v. *Wakeman,* 64 Vt. 203, 23 Atl. 585.

*Motion denied with costs.*