ELEANOR F. B. NICHOLAS *v.* ESTATE OF CAIRA R. NICHOLAS.

May Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed August 10, 1907.

*Probate Court—Appeal—Jurisdiction of County Court—Judgment—Vacating—Taxing Costs Without Notice.*

In the trial of an appeal from the disallowance of a claim presented to the commissioners on a decedent's estate, at the close of appellant's evidence before the jury, on her application that the jury be discharged and the case continued, on payment of costs to defendant, the county court discharged the jury, and later

ordered that, on payment of a certain sum to defendant on or before a specified time for witnesses and counsel for the term, the case be. continued, "otherwise let judgment be entered for defendant   *   *   with costs and certified down." *Held*, that judgment entered by the clerk aftér the expiration of the time limited in the order, on failure of appellant to make the required payment: "Judgment that the claim of appellant against the estate of Caira R. Nicholas be disallowed with costs of defendant, and ordered sent to probate court. Defendant's costs $20.36," was in form appropriate to the case and in compliance with the order, as such an order is not understood necessarily to contain the exact language of the judgment entry, but the clerk is supposed to understand the order with reference to the case, and to make the entry in proper form.

The docket entries by intendment show a non-compliance with the order, for without that, no judgment could properly be entered.

Though the docket does not show an affidavit filed establishing appellant's non-compliance with the order, since it otherwise appears that such affidavit was in fact left with the clerk for record, whether that was a prerequisite to the entry of judgment is not considered.

When, pursuant to. the order of court, judgment was entered by the clerk and certified to the probate court, the jurisdiction of the county court was not only exhausted, but the case was no longer there; hence that court had no jurisdiction at a succeeding term to bring the case forward on its docket and vacate the judgment. *Farmers Mut. Ins. Co.* v. *Reynolds*, 52 Vt. 405; *Johnson* v. *Shumway*, 65 Vt. 389, and *Arlington Mfg. Co.* v. *Mears*, 65 Vt. 414, distinguished.

Where no error in the taxation of costs is claimed, the fact that they were taxed without the notice required by Rule 31 of the county court is not ground for vacating the judgment.

MOTION to bring forward on the docket the case of *Eleanor F. B. Nicholas* v. *Estate of Caira R. Nicholas,* and to vacate the judgment rendered therein, for certain specified irregularities. Heard at the September term, 1906, Washington County, *Powers,* J., presiding. Motion denied as matter of law. The claimant excepted. The opinion fully states the case.

*Geo. W. Wing* and *Samuel H. Crandall* for the claimant.

The cause notwithstanding the erroneous certificate issued to the probate court was still in the county court; its jurisdiction had not been exhausted when appellant's motion was made, all proceedings subsequent to the order should have been vacated and annulled, and the cause should have been brought forward upon the docket, and other proper relief granted to appellant. *Underhill* v. *Jericho,* 66 Vt. 186; *Legg* v. *Overbaugh,* 21 Am. Dec. 115; *Watson* v. *Travers,* 8 Johns. (N. Y.) 567; *Lovett* v. *State of Florida,* 16 Law Ann. 313; *Scoville* v. *Brock,* 76 Vt. 385.

The following acts or omissions have been treated as irregularities warranting relief by motion or appeal to the party prejudiced thereby.

For entering judgment in disregard of a rule of court. For entering a default without proper notice. *Seaman* v. *Reynolds,* 40 N. Y. 545. For a variance between a clerk's minutes and the "judgment roll." *Martin* v. *Scott,* 4 Abb. 365. Where a plaintiff improperly enters judgment. *Williams* v. *Reid,* 5 Duer. 601; *Simmons* v. *Blake,* 20 How. (N. Y.) 484. An "irregularity" has been defined to be "not adhering to the prescribed rule or mode or proceeding and which due and orderly conduct of the suit required to be taken." *Oil Co.* v. *Hubbell,* 76 N. Y. 543; *Green* v. *Warren,* 14 Hun. 434.

It was necessary that the docket should show an affidavit filed establishing appellant's default and that a "Default" had thereafter been entered thereon for non-compliance with order, as essential proceedings to support the judgment directed by the order, and for want of same, the judgment was irregular and erroneous. *Sheldon* v. *Sheldon et al.,* 37 Vt. 152; *Barney* v. *Goff,* 1 D. Chip. 304; *Decker* v. *Kitchen,* 21 Hun. 332.

The affidavit of non-compliance with the order of the court should have been properly indorsed, filed, and minuted on the docket, as it was an original paper, and a prerequisite to the clerk's right to enter judgment. *Gold* v. *Death,* Hobart 92, 6; *Beaudry* v. *Mayor of Montreal,* 11 Moore's P. C. 426; *Hubbard* v. *Dubois et al.,* 37 Vt. 194.

The taxation of costs without notice was in violation of county court Rule 31, and fatally irregular. *Cooper* v. *Arnold,* 2 Edw. Ch. 622; *Poneridge* v. *Jackson,* 2 Edw. Ch. 579.

The judgment record relied upon is lacking in the essentials of a good record. "A record must possess certain necessary features if it is to be treated as such. A judgment record should

contain (1) the substance at least of the writ and declaration; (2) and sometimes of the officer's return of service; (3) a statement of the appearances for such parties as did appear and by what attorneys if any; (4) of the adjournments had; (5) the action of the court in ordering a jury trial, if any, and (6) in rendering judgment and (7) in taxing costs for both parties in case of an appeal; in brief a correct statement of every official act.'' Vermont Justice, 1905 Ed. §445, p. 375; *Read* v. *Sutton,* 2 Cush. 115; *Coolidge* v. *Inglee,* 13 Mass. 41; *Gibson* v. *Holmes,* 78 Vt. 14.

*Lord & Carleton* and *Hale K. Darling* for the defendant.

When appellant's motion was made, the case was beyond the control of the county court, and in the probate court. *Atherton* v. *Fulton,* 55 Vt. 388; *Monahan* v. *Monahan,* 77 Vt. 155; *Slason* v. *Cannon,* 19 Vt. 219; *Underhill* v. *Jericho,* 66 Vt. 183.

Even if this matter were within the discretion of the county court, it would have been error to have granted the motion. A new trial cannot be obtained by attacking a judgment in this irregular way. *Ins. Co.* v. *Partridge,* 49 Vt. 121; *Weeks* v. *Prescott,* 54 Vt. 313; Vanfleet's Collateral Attack, §§3, 6.

WATSON, J.   This is a motion to the county court of Washington County to bring forward upon its docket the above named case, vacate and set aside the judgment rendered therein, for irregularities specified, and as illegally and wrongfully entered, and the case entered continued, to be proceeded with *de novo.*

The original case in that court was an appeal from the decision of the commissioners appointed by the probate court for the district of Washington to receive, examine, and adjust claims against the estate of Caira R. Nicholas, deceased, in the disallowance of the appellant's claim. At the March Term, 1906, of the county court, a trial by jury was entered upon, each party being represented by attorneys of record. At the close of the appellant's opening case, the appellee moved for a verdict on the ground that no cause of action had been established. This motion was not granted, but on application of appellant's counsel that the jury be discharged and the case continued to the September term on payment of costs to the appellee, the jury was discharged, and some days later the court handed down

the following order: "On payment of two hundred twenty-five dollars to the defendant on or before May 1, 1906, for witnesses and counsel this term, let the case be continued, otherwise let judgment be entered for the defendant as of this term with costs and certified down. Enter."

This order was not entered upon the docket of the court, nor upon the blotter docket of the clerk, and is to be found only amongst the papers on file. That term of court took its final adjournment on April 19.

The terms of the order were not complied with by the payment of the sum specified within the time limited. Thereupon on May 3, by request of appellee's attorney of record and on his affidavit of such non-compliance, the clerk made entry on the docket as follows: "Judgment that the claim of the appellant against the estate of said Caira R. Nicholas be disallowed with costs of defendant, and ordered sent to probate court, May 3. Defendant's costs $20.36. Certified May 4."

The certificate delivered by the clerk was filed in the probate court August 22, 1906, and ordered by that court to be recorded.

At the following September term of the county court, the appellant made this motion on the affidavits of herself and of her counsel, and upon all the papers, files, dockets, and records in the cause, for an order setting aside and vacating all proceedings had therein since the making of the order by the court, at the March term, for the illegalities, irregularities, and causes specified in the moving affidavits, and that the judgment entered on the docket of the March term, and the certificate issued thereunder, be vacated and set aside for the irregularities specified, and as illegally and wrongfully entered; and that the cause be brought forward and continued. On hearing the motion was denied as a matter of law. Was this error? is the sole question before us.

That the court had power to order judgment to be entered for the appellee on non-payment of the sum specified within the time fixed, no question is made. It is said, however, that the judgment entered was not in accordance with the order. But the judgment was in form appropriate to the case, and in compliance with the order. Such an order is not understood necessarily to contain the exact language of the entry of judgment

to be made.    The clerk is supposed to understand the order with reference to the case, and to make the entry in proper form.

It is urged that the appellant has been deprived of a substantial right, in that no notice of the taxation of costs was given her as required by Rule 31 of the county court.    But a judgment will not be vacated because of mere error in the taxation of costs (*Harriman* v. *Swift,* 31 Vt. 385), and much less, even though taxed without notice, where as here no error therein is claimed.    The further claim is made that the docket should show the affidavit filed establishing the appellant's non-compliance with the terms of the order, and that by reason thereof a "default" had been entered, as essential proceedings to support the judgment directed, and that for want of such docket entries the judgment was irregular and erroneous.

Since such an affidavit was in fact left with the clerk by the appellee's attorney of record, we need not consider whether it was a prerequisite to the entry of judgment.    The docket entries by intendment show a non-compliance with the order, for without such failure no judgment could properly be entered.    *Armstrong* v. *Colby,* 47 Vt. 359; *State* v. *Shaw,* 73 Vt. 149, 50 Atl. 863.

The omission to file the affidavit, and the other claimed irregularities respecting the details of record, neither entered into nor affected the judgment rendered and certified, nor the remission of the case to the probate court, hence they need not be further noticed.

The jurisdiction of the county court was appellate only, and the statute required that the final decision and judgment should be certified to the probate court, where the same proceedings would be had as though such decision had been made in that court.    V. S. 2599.    When the judgment was entered by the clerk, pursuant to the order of court, and certified as required by this statute, the jurisdiction of the county court was not only exhausted, but the case was no longer there.

It follows that the court had no power at the following term, on motion, to vacate and set aside the judgment; and since the case was not then within the control of that court, no order could be made to bring it forward on the docket.    In *Underhill* v. *Jericho,* 66 Vt. 183, 28 Atl. 879, the original cause came to this Court, on facts found on issue joined on plea to the jurisdiction.    The court below rendered judgment for the defend-

ant.   This Court reversed that. judgment, held the plea insuffi-
cient, gave judgment in chief for the plaintiff, and remanded
the cause to the county court for the assessment of damages.
At a subsequent term a petition was preferred to this Court
praying that the cause be brought forward upon the docket and
the mandate corrected, or changed, so as to give the petitioner
the right to try the case in the county court on its merits.   It
was held that when the case was disposed of and regularly
remanded to the county court the jurisdiction thereof of the
Supreme Court was exhausted, and that it had no power on
petition to lay hold of and recall it.   The case of *Monahan* v.
*Monahan,* 77 Vt. 155, 59 Atl. 176, was a motion made at the
October term, 1904, of this Court that the original case in
chancery between the same parties, be brought forward from the
docket of the preceding term, and the entry then made therein
affirming the decree and remanding the case stricken off, and
the case continued.   It was held that the case was not then in
this Court, and the motion was denied.   See also *Amazon Ins.
Co.* v. *Partridge,* 49 Vt. 121; *Weeks* v. *Prescott,* 54 Vt. 318.

The cases of *Farmers' Mut. Ins. Co.* v. *Reynolds,* 52 Vt.
405; *Johnson* v. *Shumway,* 65 Vt. 389, 26 Atl. 590; and *Arling-
ton Mfg. Co.* v. *Mears,* 65 Vt. 414, 26 Atl. 587, cited by the
appellant as authority for her contention, are not applicable.
The first case named was a petition to the county court praying
that a cause wherein the petitioner was defendant and the peti-
tionee was plaintiff be brought forward on the docket, that the
judgment by default rendered therein at the preceding term be
stricken off, and that the petitioner have leave to enter and
defend.   It appeared that the attorney of the defendant in the
original case neglected to appear and answer to that suit at
the term in which it was entered, because he mistook the day on
which the term commenced.   It was held that the power invoked
by the petition was one incident to a court of general jurisdic-
tion to revise and correct its records; and that it was within
the discretion of the court where the default was entered to set
aside the default at the term in which it was entered or at a
subsequent term.   In the next case cited, *Johnson* v. *Shumway,*
the plaintiff in the original action was in default of appearance
to prosecute his suit, and judgment of nonsuit was entered
against him.   On petition brought at a subsequent term of the
court to bring the case forward and strike off the judgment,

on the ground that the plaintiff's counsel erroneously supposed the original case not for trial at the term when the judgment was rendered, it was held that to grant such relief was within the discretionary power of the court.

It will be observed that in each of these cases final process would issue from the court in which the judgment sought to be set aside was rendered. Neither case had passed beyond the control of that court by its remission to some other court, as in *Underhill* v. *Jericho*, 66 Vt. 183, 28 Atl. 879, in *Monahan* v. *Monahan*, 77 Vt. 155, 59 Atl. 176, and in the case before us, hence the reason for the distinctive doctrines laid down in the two classes of cases. In *Arlington Mfg. Co.* v. *Mears*, the other case cited by the appellant, the motion to strike off the judgment by default, was made on the ninth day of the same term the default and judgment were entered. It was held among other things, that to strike off such entry at any time during the term when it was made, had always been within the discretionary power of the county court.

*Judgment affirmed.*