HARRISON H. HOWARD *v.* VILLAGE OF WEST RANDOLPH.

May Term, 1909.

Present: MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed June 1, 1909.

*Judgments—Bringing Case Forward and Vacating Judgment—Discretion of Court—Constitutional Law—Waiver of Constitutional Objection to Validity of Statute.*

The power of the Supreme Court to bring forward a case, decided at a previous term and not remitted to another court, is discretionary; the proceeding being somewhat akin to an application for a rehearing.

In a petition to the Supreme Court to bring forward a case decided at a previous term and not remitted, it appeared that in 1877 the water commissioners of a village, in condemnation proceedings under No. 238, Acts 1886, and after a hearing which petitioner attended, took certain water rights belonging to him for which they awarded him damages; that he was dissatisfied with the award and, upon his petition, the county court appointed commissioners who awarded him increased damages, and the judg-

ment on their report was affirmed by the Supreme Court in April, 1892, and petitioner accepted and has retained the amount awarded; that the petitioner did not object during the proceedings that the statute on which they were founded was unconstitutional. *Held*, that petitioner had waived the constitutional question as to the validity of the statute by failing to raise it in the proceedings complained of, and by having commissioners appointed to increase his award of damages and accepting and retaining the amount so awarded.

PETITION to the Supreme Court for Orange County at its May Term, 1909, by the plaintiff in the above entitled cause, to bring it forward and to strike off the judgment therein rendered in his favor in April, 1892, as reported in 64 Vt. 41. The opinion states the case.

*H. C. Shurtleff* for the petitioner.

*March M. Wilson* for the petitionee.

HASELTON, J.   This is a motion or petition to bring forward the above entitled cause and to strike off the judgment therein rendered in favor of the petitioner in April, 1892, seventeen years ago.

From the petition, and the concessions of the petitioner in his brief or in oral argument, it appears that in 1887 the water commissioners of the defendant village, proceeding under No. 238 of the Acts of 1886, after a hearing of which the petitioner had notice and which he attended, took for the village certain water and water rights of the petitioner; that the commissioners awarded the petitioner as damages the sum of $200; that the petitioner, being dissatisfied with such award, petitioned the county court at its June term, 1887, for the appointment of commissioners by the court; that the commissioners were appointed as prayed for, and that after judgment on their report the case came to this Court, where, at the time before stated, judgment was rendered for the petitioner awarding him as his damages the sum of $300, with interest since March 4, 1887; that the petitioner accepted the sum awarded him and has ever since retained it; and that at no stage of the proceedings referred to did the petitioner raise any constitutional question.    The pe-

titioner now claims that the act under which the water commissioners of the defendant village proceeded was unconstitutional, and he refers to the decision in *Stearns* v. *Barre*, 73 Vt. 281, 50 Atl. 1086, 58 L. R. A. 240, 87 Am. St. Rep. 721, decided in 1901, in which a like statute was adjudged unconstitutional.

The petitioner claims that he has an absolute right to have the case brought forward, but this contention is not sound. The power of this Court to bring forward a case decided at a previous term and not remitted to another court is a discretionary one.    *Franks* v. *Lockey*, 45 Vt. 395; *Johnson* v. *Shumway*, 65 Vt. 389, 26 Atl. 590; *Nicholas* v. *Nicholas*, 80 Vt. 242, 67 Atl. 531. But upon consideration of the facts set up and conceded in this proceeding we are constrained, in the exercise of our discretion, to deny the motion of the petitioner.    The proceeding is somewhat akin to an application for a rehearing.    In *Van Dyke* v. *Cole*, 81 Vt. 379, where a rehearing was denied, the rehearing was sought to enable the applicant to raise a constitutional question not touched in the argument of the case.    In *State* v. *Franklin County Savings Bank*, 74 Vt. 246, 52 Atl. 1069, referred to in the Van Dyke case, the purpose for which the denied rehearing was sought was also the raising of a constitutional question not before presented.

The petitioner claims that the judgment in the case sought to be brought forward is absolutely void.    Since counsel have argued this claim, we express the view that the petitioner has waived the constitutional question by failing to raise it in the proceedings complained of, by himself going forward on the question of damages, and by accepting and retaining through all these years the sum awarded him by the judgment in his favor now sought to be vacated.    By his course he is taken to have assented.    Cooley's Cons. Lim. 6th Ed. 214.    The governing principle we quote from Judge Cooley: "The statute must be read with an implied proviso that the party to be affected shall assent thereto, and such consent removes all obstacles and lets the statute in to operate the same as if it had in terms contained the condition."    Cooley's Cons. Lim. 6th Ed. 215; *Embury* v. *Conner*, 3 N. Y. 511, 518, 53 Am. Dec. 325; *Baker* v. *Braman*, 6 Hill, 47, 40 Am. Dec. 387.

It is well settled that one may by his acts or omissions waive a constitutional right.    *Pierce* v. *Somerset Ry. Co.*, 171

U. S. 641, 648, 19 Sup. Ct. 64, 43 L. Ed. 316; *Eustis* v. *Bowles,* 146 Mass. 413, 16 N. E. 286, 4 Am. St. Rep. 327.

The case of *Boyd* v. *Alabama,* 94 U. S. 645, 24 L. Ed. 302, cited by the petitioner, in no way conflicts with what is here said. It is there said: "Courts seldom undertake in any case to pass upon the validity of legislation where the question is not made by the parties. Their habit is to meet questions of that kind when they are raised but not to anticipate them. Until then they will construe the acts presented for consideration, define their meaning and enforce their provisions." The holding in that case is that in view of this practice the constitutionality of an act, when first raised, is an open question notwithstanding an adjudication between the same parties in another though like case in which the constitutional question was not raised.

*Petition dismissed with costs.*