OSCAR THOMPSON *v.* A. M. MORRISON.

February Term, 1911.

Present: MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed May 26, 1911.

*Dismissal and Non-suit—Striking off Non-suit—Jurisdiction—*
    *P. S. 1653—Construction—Review—Appearance by Attorney*
*—Presumption.*

The court that rendered a judgment of non-suit has jurisdiction subsequently to bring the case forward and strike off the non-suit, no rights having intervened, and no laches appearing.

P. S. 1653, so far as it relates to the power of the trial court to strike off non-suits and defaults entered by the clerk in vacation, is declaratory,

and intended merely to prevent a misconstruction of the rest of the section, and does not limit the control of the court over its own judgments.

Where the record shows that, before an order of the court, defendant appeared by attorney, that appearance will be taken to have been general, the contrary not appearing.

*Audita Querela* to set aside a judgment of the county court. Trial by court at the March Term, 1910, Washington County. *Butler*, J., presiding. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

*M. M. Gordon* for the plaintiff.

If a judgment of non-suit is properly set aside, it must be done at the same term at which it is rendered. *Riggs* v. *Chester*, 2 Cranch's C. C. 637; *Hunt* v. *Griffin*, 49 Miss. 742; *Nichols* v. *Hazel*, 18 Fed. No. 10230; 14 Cyc. 422; 1 Black on Judgments, §306; *Loney* v. *Bailey & Caldwell*, 43 Md. 10; *Buchanan* v. *Tomason*, 70 Ala. 401; *Smith* v. *Wilson*, 26 Ill. 186; *Spafford* v. *Janesville*, 15 Wis. 474; *Montgomery* v. *Vinton*, 37 Vt. 514; *Cook* v. *Wood et al.*, 24 Ill. 295; *Brooks* v. *Railroad Co.*, 102 U. S. 107; *Bronson* v. *Shutton*, 104 U. S. 410. The judgment here in question was wrongfully procured by defendant and his counsel. *Little* v. *Cook*, 1 Aik. 363; *Eddie* v. *Corcoran*, 1 Aik. 359; *Weeks* v. *Lawrence*, 1 Vt. 433; *Phelps* v. *Slade & Slade*, 13 Vt. 195; *Ball* v. *Sleeper*, 23 Vt. 573; *Kimball* v. *Randall & Durant*, 56 Vt. 558; *Walter* v. *Foss*, 67 Vt. 591.

*Richard A. Hoar* for the defendant.

The court that rendered a judgment of non-suit has full jurisdiction subsequently to bring the case forward and strike off the non-suit. "The proceeding is usually by motion and the power is exercised in a summary way, whenever the court, in the exercise of a sound discretion, considers that the furtherance of justice requires it." *Tudor* v. *Taylor*, 26 Vt. 444; *Mosseaux* v. *Brigham*, 19 Vt. 457; *Scott* v. *Stewart*, 5 Vt. 57; *Pond* v. *Campbell et al.*, 56 Vt. 674; *Smith* v. *Howland*, 41 Vt. 74; *Franks* v. *Lockey*, 45 Vt. 395; *Johnson* v. *Shumway*, 65 Vt. 389.

HASELTON, J.   This is an action of *audita querela*.   On facts found by the county court judgment was rendered for the defendant.   The plaintiff excepted.

August 3, 1908, Morrison, the defendant herein, brought an action of justice's ejectment against Thompson for non-payment of rent.   The action was brought before the city court of Barre and Morrison there obtained judgment.   Thompson appealed to the Washington County court, and the appeal was duly entered.

No appearance for Morrison was noted on the docket of the court, and at the September  Term he was non-suited. At the ensuing March Term, and on the 18th day of March, Morrison filed a written motion that the cause be brought forward and that the non-suit be struck off for the reason that he had, in fact, entered an appearance in the cause, and that it was only by a mistake of the clerk that the appearance was not noted on the docket.   Thompson appeared by counsel, and, without taking issue on the facts alleged in the motion, filed a motion to dismiss.   The court brought the case forward, struck off the non-suit and made an order that Thompson furnish bail, as security for rent, in the sum of one hundred and fifty dollars within thirty days, and that, in case of non-compliance with the order, judgment should be entered for Morrison.   The case states that no disposition appears to have been made of Thompson's motion to dismiss, but the action taken by the court was necessarily a denial of that motion.   The order for bail was not complied with and judgment in pursuance of the order was entered by the clerk in vacation.   Afterwards Thompson was notified to appear before the clerk on the assessment of damages, whereupon this action of *audita querela* was brought. Damages have never been assessed, and no costs have been taxed either on the judgment entered up in favor of  Morrison or upon the prior judgment of non-suit in favor of Thompson.

In the trial of this case the claim of Thompson was that the county court had no jurisdiction to bring the case forward and strike off the non-suit and that, therefore, the order for judgment in default of bail was void.

But the case having been remanded to no other court, and no rights having intervened, and the application having

been made to the very court which rendered the judgment of non-suit, and no laches appearing this claim is not well grounded.

*Howard* v. *Village of West Randolph*, 82 Vt. 260, 262, 72 Atl. 1076; *Nicholas* v. *Nicholas*, 80 Vt. 242, 67 Atl. 531; *Johnson* v. *Shumway*, 65 Vt. 389, 26 Atl. 590; *Pond* v. *Campbell*, 56 Vt. 674; *Fire Insurance Co.* v. *Reynolds*, 52 Vt. 405, 407; *Franks* v. *Lockey*, 45 Vt. 395, 399; *Smith* v. *Howard*, 41 Vt. 74, 77; *Montgomery* v. *Vinton*, 37 Vt. 514; *Mosseaux* v. *Brigham*, 19 Vt. 457, 460; *Scott* v. *Stewart*, 5 Vt. 57.

P. S. 1653, so far as it relates to the power of the court to strike off non-suits and defaults entered by the clerk in vacation is declaratory and intended merely to prevent a misconstruction of the rest of the section. It does not limit the control of a court over its own judgments.

Counsel for Thompson contends that the alternative order for bail or judgment within thirty days was made without notice to him and was irregular and deprived him of his constitutional right to trial by jury. This contention does not appear to have been made below. But the findings of fact show that before the order of the court was made Thompson appeared in the cause by his attorney, and such appearance is taken to have been general, the contrary not appearing; and while it appears that counsel for Thompson was not physically present when the order was made, it does not appear why he was not, nor does anything appear that affected the right of the county court to take the action which it did. The findings show that counsel for Thompson received no notice of the order after it was made until some days before this petition was brought, but they also show that Morrison was without fault in the matter.

Whether an application to bring forward a case should have the form and requisites of a petition rather than those of a mere motion is a question neither raised nor argued.

It is not necessary to consider whether or not *audita querela* would lie if the exceptions showed the grievances of which counsel for Thompson complains in his brief.

*Judgment affirmed.*