JOHN McDURFEE ET AL. *v.* ALBERT E. BUCK.

January Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed February 5, 1935.

*Lindley S. Squires* for the plaintiffs.

*Herbert G. Barber* and *Bert L. Stafford* for the defendant.

POWERS, C. J.   These plaintiffs brought a suit in the county court of Windham County against the defendant, and therein attached his personal property.   The suit resulted in a judgment for the plaintiffs, and the defendant brought the case to this Court on exceptions.   At the October Term, 1934, the judgment of the county court was affirmed, 106 Vt. 334, 174 Atl. 679, which affirmance was duly certified by the clerk of the

General Term to the clerk of the Supreme Court for Windham County, but no notice thereof was sent to the plaintiffs' counsel until October 30. Such counsel assumed that this notice had been given "forthwith," as required by Supreme Court rule 21, and that he had practically thirty days from the date of the notice within which to levy his execution upon the attached personal property, whereas, in fact, such notice had not been given him until 19 days after the final judgment was rendered. An execution was issued on November 20, and it was returned unsatisfied on the 22nd.

It is the claim of the plaintiffs that the property attached as aforesaid had been disposed of by the defendant while the case was in the courts, and that, when they were about to begin a suit for the conversion of it, they discovered that the attempted levy of their execution on it had not been made within 30 days from the date of the final judgment, as required by P. L. 2236. The plaintiffs now ask this Court to order the case brought forward on its docket, to strike off the order of affirmance, and to make a new order therein affirming the judgment.

Their application is in the form of a petition with a citation attached. The defendant moves to dismiss it because it contains no recognizance for costs, as required by P. L. 1492. Such a recognizance is not necessary. The application might as well have been made by a written motion with notice of the time when it would be called up for attention by the Court. It is to be judged by its character, rather than by its form. *Newport* v. *Lindsay,* 106 Vt. 201, 203, 170 Atl. 676. The petition is essentially a motion ancillary to, and in aid of, the original suit. If granted, it merges into and becomes a part of that suit. The citation is not a "writ of summons" within the meaning of the statute referred to. It approximates in character a citation attached to a petition for a new trial, which, as was held in *Durkee* v. *Marshall,* 14 Vt. 559, is not a "writ of summons," and did not require a recognizance, as the statute then stood, though it is otherwise now. *Holden* v. *Campbell,* 101 Vt. 474, 144 Atl. 455.

The defendant insists that we have no jurisdiction to grant the relief asked for. If this was a case which had been remanded to another court or tribunal, the defendant's claim would be well founded, and would be supported by *Underhill* v. *Jericho,* 66 Vt. 183, 28 Atl. 879; *Monahan* v. *Monahan,* 77 Vt. 155, 59 Atl. 176; *Nicholas* v. *Estate of Nicholas,* 80 Vt. 242, 67

Atl. 531; *Peck's Admr.* v. *Peck's Admr.,* 91 Vt. 91, 99 Atl. 635; and *Downer* v. *Battles,* 103 Vt. 201, 152 Atl. 805. But we did not have occasion to remand this case or to remit it to any other tribunal. We gave it its final touch here, so we have not lost our jurisdiction over it. In such cases, though some expressions in *Amazon Insurance Co.* v. *Partridge,* 49 Vt. 121, and in *Weeks* v. *Prescott,* 54 Vt. 318, are to the contrary, it is the settled law of this State that we may, in our discretion, even at a subsequent term, bring the case forward, strike off the judgment, and enter a new one. *Farmers' Mutual Fire Ins. Co.* v. *Reynolds,* 52 Vt. 405, 407; *Howard* v. *West Randolph,* 82 Vt. 260, 262, 72 Atl. 1076; and *Thompson* v. *Morrison,* 84 Vt. 456, 458, 79 Atl. 1002, are full authority for this holding. See, also, *Mutual Life Ins. Co.* v. *Foster,* 88 Vt. 503, 505, 93 Atl. 258; and *Greene* v. *Riley,* 106 Vt. 319, 321, 172 Atl. 633.

All agree that it is only in extraordinary cases that this jurisdiction should be exercised, and that the party applying may be cut off by laches. Neither of these rules embarrass the plaintiffs. The case is extraordinary as very valuable rights are at stake, and may be lost through the default of an officer of the Court. And the plaintiffs cannot be charged with laches, since they had the right to assume that the officers of the Court would do, and had done, their duty, as prescribed by the rules of Court. *Walsh* v. *Cole,* 97 Vt. 459, 460, 123 Atl. 850, and cases referred to.

*It is therefore ordered the case be brought forward on the docket of this Court, that thereupon the entry made at the October Term, 1934, be stricken off, and a new entry be made "Judgment Affirmed."*