# John Haklits and Erika Haklits v. John H. Oldenburg and Grace B. Oldenburg

[282 A.2d 802]

No. 121-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 5, 1971

*Robert J. O'Donnell,* Woodstock, for Plaintiffs.

*Divoll & Buckley,* Bellows Falls, for Defendants.

**Shangraw, J.** This is a motion of the defendants addressed to the Addison County Court of Chancery to bring forward the above entitled cause to clarify or revise a decree dated January 3, 1963.

The initial action was brought by the plaintiffs to enjoin a continuing trespass by the defendants and to compel the removal of a camp building which the plaintiffs claimed the defendants had constructed astride their south boundary. The controlling issue was the location of the common boundary between the adjoining lands of the parties.

The plaintiffs' south line and the defendants' north line was determined by the chancellor and a decree entered in favor of the plaintiffs. The defendants appealed and this Court disposed of the appeal by the entry "Decree affirmed." *Haklits,*

*et al.* v. *John H. Oldenburg, et al.,* 124 Vt. 199, 205, 201 A.2d 690 (1964). Plaintiff, John Haklits, has since deceased.

A hearing was held by the chancellor, September 3, 1970, on the motion now considered. On the same date an order was issued granting the motion to bring the case forward on the docket. The order also denied the motion to clarify and revise the decree of January 3, 1963. It is from this order that the defendants have appealed to this Court for review.

The appellees first urge that the Court of Chancery did not have jurisdiction to entertain defendants' motion to clarify or revise the decree and that the motion should have been summarily dismissed.

12 V.S.A. § 4605 relating to a final judgment or remand by this Court in chancery cases reads:

> "When such cause has been so heard and determined, the supreme court may make and enter final judgment, decree or order or may remand the proceedings, with its judgment, decree or order therein, to the court of chancery, where such proceedings shall be had as may be necessary to carry such judgment, decree or order into effect."

The following Supreme Court Rule 21 was in effect at the time the entry of "Decree affirmed" was made by this Court.

> "When the entry of 'decree affirmed' is made in an appeal from the court of chancery, and the cause is not remanded, the decree or decretal order appealed from shall be the decree of this court, and the clerk shall record it as such, in his official supreme court records, as of the date of entry."

Part I of the revised Rules of the Supreme Court were promulgated April 2, 1968, and superseded our rules in effect on that date.

By this revision, former Rule 21 became Supreme Court Rule 18 which reads:

> "When the entry of 'decree affirmed' is made in an appeal from the court of chancery, and the cause is not remanded, the decree or decretal order appealed from, shall be the decree of this court and, as a matter of course, shall be certified to and enrolled, as of the date of

entry, in the court of chancery, from which the appeal was taken."

The defendants elected to present their motion to the lower court. We stated, in *Turner* v. *Bragg*, 114 Vt. 334, 336, 44 A.2d 548 (1945), that "unless a remand is ordered when final judgment or decree is rendered in this Court, or later obtained on motion, a chancellor or court of chancery has no further jurisdiction in the cause." Compare *McDurfee* v. *Buck*, 107 Vt. 173, 176, 177 A. 195 (1935).

In order for the lower court to have any jurisdiction in such a case there must be either a remand or there must be some special quality which supports a sort of retained or residual jurisdiction on matters not covered by the appeal. *Couture* v. *Lowery*, 122 Vt. 505, 506, 117 A.2d 371 (1962).

Here, the boundary line dispute was finally adjudicated by this Court in 124 Vt. 199, *supra*. There remained nothing to be done by the court of chancery. The cause was not remanded for any purpose. The entry "Decree affirmed" became the decree of this Court.

As Judge Royce pointed out in *Fletcher* v. *Warren*, 18 Vt. 45, 48 (1843), "It would be a manifest repugnance in any system of jurisprudence, that the decisions of one ultimate and final jurisdiction should be subject to revision and correction of another." See also *Filmore, Admr.* v. *Morgan's Estate*, 94 Vt. 87, 89, 108 Atl. 841 (1920); *Putney* v. *Brookline*, 126 Vt. 194, 201, 225 A.2d 388 (1967).

The court of chancery was without jurisdiction to entertain the motion to clarify or revise the decree in question.

*Order denying the defendants' motion to clarify and revise the decree is affirmed. The petition is dismissed for want of jurisdiction.*